County of Cook, a Body Politic and Corporate, Plaintiff-Appellee, v. Triangle Sign Company, Inc., an Illinois Corporation, Defendant-Appellant, Fred Dahlman, Petitioning Intervenor-Appellant.

Gen. No. 48,692.

First District, Third Division.

January 30, 1963.

Robert E. Mann, of Chicago, for defendant, and Flood & Bowlus, of Chicago (John M. Bowlus, of counsel), for petitioning intervenor.

Daniel P. Ward, of Chicago (Thomas A. Hett, of counsel), for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

These appeals are taken from an order of the Superior Court of Cook County directing the Triangle Sign Company, Inc. to remove six advertising devices and denying Fred Dahlman, the petitioning intervenor, leave to intervene in the proceedings.

The procedure in this case is unique; consequently we are stating in detail various orders entered therein. At the time the suit was commenced there were in existence two corporations, one, the Triangle Sign Company, Inc. (the defendant-appellant, hereinafter referred to as "Triangle"), and the other, the Triangle Outdoor Advertising Company (hereinafter referred to as "Outdoor"). Both corporations had the same officers and directors. Outdoor had entered into

certain leases with various land owners, including Dahlman, by which it acquired the right to erect and maintain advertising signboards at a place adjacent to and within 300 feet of certain expressways in Cook County, Illinois. In accordance with this lease from Dahlman advertising boards approximately 56 x 20 feet were erected on the west side of Calumet Expressway less than 300 feet from the right of way, without having first obtained a permit from Cook County. At the time there was in full force and effect section 17 of the zoning ordinance of Cook County which provided that no advertising device the face of which is visible from the highway shall be erected within 300 feet of the right of way line of such limited access highway, and the ordinance further defined a limited access highway as one to which the owners and abutting property owners have no legal right of access except at such points as are designated by the proper public authority. The portion of Calumet Expressway adjacent to which these signs were erected fell within that definition. Sections 8.12, 9.10 and 10.17 of that ordinance forbade the erection or relocation of any advertising device within 300 feet of the right of way line of a limited access highway.

On May 9, 1960 the County of Cook filed a complaint setting up the ordinance and alleging that Triangle was engaged in the business of erecting and maintaining billboard signs and other advertising devices and did erect the signs in question in violation of the zoning ordinance, and prayed that it be ordered and directed to remove such advertising devices and that a temporary injunction be issued restraining it, pending a disposition of the cause, from erecting any advertising device without first obtaining a permit therefor. The complaint also contained a prayer for general relief. On July 6, 1960 Triangle filed an appearance. On July 15, 1960 it filed an answer admitting that it was in the business of erecting and

204

maintaining billboard signs, and stating that it "did erect billboards as set forth in the complaint herein, over a period of years" and that at no time had complaint been made by the County. The answer further set up that Triangle has entered into yearly contracts for advertising media which have been placed on such billboards, and it prayed that if the billboards must be removed Triangle be given a reasonable time within which to comply.

On July 27, 1960 the County filed a motion asking the court to enter a decree in favor of the County because the answer of Triangle was substantially insufficient in law, and alleging that the answer admits all of the allegations set forth in the complaint and sets out no facts alleging any defense. On July 28, 1960 the court entered an order directing the clerk of the court to issue a writ of injunction against Triangle directing it to remove the signs within 90 days from the date of the order, and on the same day a mandatory writ of injunction was issued out of the court directed to Triangle ordering it to remove the designated signs within 90 days from July 28, 1960. The writ of injunction was served upon Triangle on August 2nd.

On December 1, 1960 the County filed a petition for a rule to show cause alleging that Triangle had not removed the signs. This petition was supported by affidavits. A rule to show cause was entered on December 12, 1960 ordering Triangle to appear before the court on December 27, 1960 to show cause as to why it should not be adjudged guilty of contempt. On January 26, 1961 an order permitting substitution of attorneys for Triangle was entered by the court, and on the same day the return of the rule to show cause was continued generally.

On June 23, 1961 Triangle filed an answer to the rule to show cause, in which it was set up that Outdoor and Triangle are separate legal entities, that

205

Outdoor was not made a party nor served in the proceedings, and that Outdoor controls the premises and the advertising devices. There are also allegations attacking the constitutionality of the ordinance. Filed with that answer was an affidavit executed by one Henry Kanter, in which it is stated that he is the secretary of both Triangle and Outdoor; that both companies do business at 448 North Orleans Street, Chicago; that the advertising devices set out in the complaint were not erected, set up or owned by Triangle; that they were the exclusive property of Outdoor; that the signs were located on property owned by persons to whom Outdoor pays rental under a lease; that the lease provides, among other things, that in the event Outdoor shall be required to remove the signs because they are deemed to have been illegally erected the lessors on ten days' notice shall refund to Outdoor a pro rata share of the rent paid; and that Triangle is not a party to the lease or connected therewith in any way.

The County on July 5, 1961 filed a motion to strike Triangle's answer to the rule to show cause, hearing on which motion was continued to July 17, 1961, when the court entered an order striking the answer to the rule to show cause. On the same day, without leave of court, Triangle filed an amended answer to the rule to show cause, which realleged the matters contained in the original answer, and further stated that since no hearing had been moved by the County on the rule to show cause until June 9, 1961 Triangle believed that its conduct was no longer regarded as contumacious by the County. The answer further alleges that the complaint, rule to show cause, and the injunction did not name or require service over all parties of interest, particularly the lessors of the property, who had a contractual interest under the terms of the lease. It then contains the further allegation (as appears in the abstract) that "Triangle Outdoor Advertising

206

Company, is not the defendant herein despite the fact that it erected and maintained the signs in question and it is the lessee with the several property owners; granting the relief prayed will not only deprive Triangle Outdoor Advertising Company of income from the signs but will cause it to forfeit rent paid to the lessors, all without having been joined as a party to this action and thus constituting" a violation of its constitutional rights. On the same date Triangle filed a petition to vacate the decree entered on July 28, 1960 and the injunction issued on the same date, and in that petition it is set up that the County inadvertently and because of a mistake of fact caused Triangle to be a party defendant rather than Outdoor, and that the attorney for Triangle filed an unverified answer which in substance admitted that Triangle had erected and maintained the advertising devices; that as a matter of fact Outdoor was the corporation which was involved; and that if the court had known of the facts alleged in this petition it would not have entered the order and the injunction would not have been issued.

Attached to the amended answer to the rule to show cause are purported leases. The one which is of importance in this case is exhibit "C," and is executed on the letterhead of Outdoor. That document provides that the lessor leases to Outdoor the premises described as follows: Route 6 on Mr. Fred Dahlman's property one signboard not to exceed 60 feet in length, to be located on the south end of farm property. Imprinted on the document is "TRIANGLE OUTDOOR (SEAL) By [unsigned]," and it is signed by Fred Dahlman. This lease does not appear in the abstract.

On July 17, 1961 the amended answer was stricken, and in its order the court denied Triangle's petition to vacate the decree and injunction, ordered the defendant to remove the advertising signs by July 28,

207

1961, and stated that if the signs were not removed by said date the defendant shall be adjudged guilty of and punished for contempt of court.

A petition for leave to intervene as additional party defendant was filed by Fred Dahlman. With reference to that petition the record contains the following statement: "Be it remembered that heretofore, to-wit, a certain Petition for leave to Intervene as additional Party Defendant was found in file of Case #60 S 8360 undated & not filed or registered & referred to in Orders of Judge Samuel B. Epstein of August 10, 1961, Sept. 18, 1961, & Oct. 20, 1961; in the Office of the Clerk of said Court in words and figures following, to-wit," and the petition, which was verified by Fred Dahlman on July 24, 1961, was then set forth in the record. On August 10, 1961 an order was entered continuing the petition to September 22, 1961, which order provided that all pending proceedings be stayed until the further order of the court. On September 18, 1961 the petition was continued to October 6, 1961, and again on October 13, 1961 it was continued until October 18, 1961. On October 20, 1961 an order was entered in the trial court ordering that the petition for leave to intervene be and the same is hereby denied "as to the six counts included in the complaint heretofore filed," and the order further provides "that the defendant, TRIANGLE SIGN CO., INC. remove the six (6) certain advertising devices, said devices being the subject matter of this law suit, as required of it by the injunction decree heretofore entered in this Court, by the 27th day of October, 1961; IT IS FURTHER ORDERED that if said devices are not removed by the said 27th day of October, 1961, the defendant, on that date, shall be adjudged guilty of and punished for contempt of this Court."

On October 23, 1961 Triangle filed a notice of appeal from the "order, judgment and decree rendered and

entered in the Superior Court of Cook County on October 20, 1961 directing the said defendant to remove six certain advertising devices set forth and described in plaintiff's Complaint for injunction by the 27th day of October, 1961 and, further, ordering and decreeing that if the said devices are not removed by the aforesaid date the defendant shall be adjudged guilty of and punished for contempt of court." On the same day a notice of appeal was filed by Fred Dahlman, appealing from the order of the court entered on the 20th day of October, 1961 denying the petition for leave to intervene.

We will first consider the appeal of Triangle.

■ The County of Cook urges this court to dismiss the appeal because it was taken from the order of October 20, 1961, asserting it was not a final order. Triangle argues that it is not appealing from the original injunction order entered in the trial court on July 28, 1960, but that it is appealing from the order of the trial court entered on July 17, 1961 denying its petition to vacate the decree and judgment.

The petition to vacate was filed more than thirty days after the entry of the order. If we accept the contention that the petition to vacate was a petition filed under section 72 of the Practice Act (Ill Rev Stats c 110, § 72), that section, in subparagraph (2), provides that while the petition must be filed in the same proceeding in which the order, judgment or decree is entered, it is not a continuation thereof. Subparagraph (4) provides that the filing of the petition does not affect the order, judgment or decree, or suspend its operation, and subparagraph (6) states that any order entered denying or granting any of the relief prayed in the petition is appealable.

If Triangle is appealing from the order of July 17, 1961 the appeal is not brought in apt time. Section 76 of the Practice Act provides that the notice of appeal

must be filed within sixty days from the entry of the order, judgment, decree or other determination complained of, and that the filing of the notice of appeal is jurisdictional. Therefore all that Triangle is appealing from is the October 20th order of the court requiring Triangle to remove the signs by October 27th, and further finding that if the signs are not removed Triangle shall be adjudged guilty of and punished for contempt of court. There was a rule to show cause pending at that time against Triangle. No determination was made by the trial court on that rule. It cannot be said that the order of the trial court found Triangle in contempt. The order merely stated that if it did not perform certain acts it would be found in contempt and punished. We have held in a number of cases that before an appeal can be taken from a contempt proceeding the recalcitrant party or parties must be found guilty of contempt and the court must impose a penalty. Bulandr v. Bulandr, 23 Ill App2d 299, 162 NE2d 585; Themar v. Themar, 31 Ill App2d 39, 175 NE2d 644; Atwater v. Atwater, 35 Ill App2d 382, 183 NE2d 174. In McEwen v. McEwen, 55 Ill App 340, the court held that even the issuance of a writ of attachment was not a final and appealable order. In Flaningam v. Flaningam, 331 Ill App 418, 73 NE2d 652, the court held that even though the defendant had been found in contempt of court, since there had been no penalty assessed the order was not final, and the court said, quoting from Lester v. Berkowitz, 125 Ill 307, 17 NE 706:

> "It was the privilege of defendants either to obey the order, or stand in defiance of the power of the court. Had the court attempted to enforce obedience to its order by the imposition of a fine in a sum of money, with an order for an execution, or by a definite term of imprisonment, as for contempt of court, the judgment of the court imposing

such fine or imprisonment would be final, and from which an appeal might be taken or to which a writ of error would lie."

The order of October 20th is not a final order. The appeal must be brought within sixty days from the entry of the order from which the appeal is taken. If we could find that Triangle is appealing from the order of July 17, 1961 the appeal is not brought in apt time. The contention of the County of Cook that the appeal of Triangle should be dismissed must be sustained.

■ The next question before us in the appeal of Dahlman from the order of the trial court denying his petition to intervene. The petition sets out that Dahlman was the owner of the real estate on which one of the advertising devices was located; that on October 1, 1957 he leased the real estate to Outdoor and the lease is still in full force and effect; that he is interested in the subject matter of the litigation in that the relief sought by the plaintiff, the County of Cook, restricts his use and enjoyment of his property and impairs his contract with Outdoor, which has not been made a party to the suit; that Triangle has no interest in the real estate and no control over the use of the land. The petition further sets out that the zoning ordinance is unconstitutional, and prays that the petitioner be given leave to intervene as a party defendant and file his appearance and answer to the complaint within a reasonable time. In the petition he further states that he has only become aware of the proceedings within the previous week. The lease upon which the petitioner relies was not attached to his petition. It was attached to the amended answer to the rule to show cause filed by Triangle on July 17, 1961. Due to some peculiarities in abstracting the proceedings that lease, which is the one in question, does not appear in the abstract, although another lease with the same company and containing the same

211

provisions is set forth. The Dahlman lease is in the record. That lease provides, among other things, that the lessor may terminate the lease by giving thirty days' notice and refunding rent paid in advance in case the lessor improves the premises by erecting a permanent building thereon, and it further provides that in case any restrictions on the construction or maintenance of advertising signs are imposed by statute or ordinance, or if any existing restriction by statute or ordinance already existing is enforced, or if any public authority shall establish any rules, regulations or taxation which have the effect of restricting the location, construction or maintenance of such signs so as to diminish the value of such premises for advertising purposes "in the judgment of the Lessee, or increasing the cost of using said leased premises for advertising purposes as above provided, or in case the view of the premises shall become obstructed," the lessee may terminate the lease on ten days' notice and the lessor shall pro rata refund any rent paid in advance.

Dahlman relies upon section 26.1 of the Civil Practice Act, which provides in part as follows:

"(1) Upon timely application anyone shall be permitted as of right to intervene in an action: . . . (b) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by a judgment, decree or order in the action . . . .

"(2) Upon timely application anyone may in the discretion of the court be permitted to intervene in an action: . . . (b) when an applicant's claim or defense and the main action have a question of law or fact in common."

He argues that he should be permitted to intervene either under subparagraph (1) or (2) of that section.

212

■ Whether Dahlman was proceeding under subparagraph (1) or (2) of the section, it is necessary that he have an interest in the proceedings in which he seeks to intervene. That interest must be more than a general interest. In Cooper v. Hinrichs, 10 Ill2d 269, 277, 140 NE2d 293, 297, the court, in discussing section 26.1, says:

> "Although this recent amendment has not been construed by the Illinois courts, it is patterned after Federal Rule 24(b) (28 USCA § 723) which has been interpreted to require that the applicant have an enforceable or recognizable right and more than a 'general interest' in the subject matter. 4 Moore, Federal Practice, 60; Jewell Ridge Coal Co. v. Local 6167 of the U. M. W., 3 FRD 251, 7 FR Serv 2462; Bernstein v. Nederlandske, 76 F Supp 335; 2 Barron & Holtzhoff, Federal Practice & Procedure, 223; United States v. General Electric Co., 95 F Supp 165; Fielding v. Allen, DCNY 1949, 9 FRD 106."

Dahlman by his lease with Outdoor had agreed that it would have the right to terminate his lease on ten days' notice, in case any restriction on the construction or maintenance of advertising signs are imposed by statute or ordinance, or in case restrictions already existing are enforced, and agreed that the lessor shall refund pro rata any rents paid in advance. The only interest which Dahlman had in the proceeding was through his lease, and the only way in which the judgment entered by the trial court could affect his interests would be if under that judgment Outdoor could terminate the lease. Dahlman was not in privity with Triangle, against which company the injunction order was entered, and it would appear that until some proceedings are taken against Outdoor it could not be said that he was bound by a judgment entered against Triangle. The interest which he has in the

subject matter is not sufficient to support a right to intervene.

Subparagraph (1) also provides that the application to intervene must be timely. In Duncan v. National Tea Co., 14 Ill App2d 280, 300, 144 NE2d 771, 781, we point out that the timeliness of the application has been considered a matter for the discretion of the court, even where intervention of right is sought, citing Mullins v. DeSoto Securities, Inc., 2 FRD 502 (WD La 1942). In that case the court held that an application made two and one-half years after dismissal of the complaint was not timely. In the instant suit the intervention was sought, not to intervene in the defendant's motion to vacate the judgment, but in the original suit brought against Triangle, where a judgment had been entered a year before. The Illinois Act is the same as Federal Rule 24 (28 USCA § 723), and in 35A CJS Federal Civil Procedure, sec 140, it is said: "Whether an application to intervene is timely is a question to be determined by the court to which the application is made, and since Rule 24, does not specify what constitutes timely application, the question must be answered in each case by the exercise of sound discretion by the trial court. The determination of the timeliness of an application to intervene involves consideration of a number of factors, and the court must consider the facts of each particular case, and all the circumstances shown. In the exercise of discretion in determining whether an application to intervene as a plaintiff is timely, it is necessary that consideration be given not only to the claims of the prospective plaintiff, but also fair consideration should be given to the interests of defendant." (See also 4 Moore's Fed Prac, ¶ 24.13, p 99 (2nd ed)). In sec 141 (35A CJS) it is said that intervention after a judgment or decree in the main action is not usually allowed, or if it is allowed, it is only where there has been a strong showing by the appli-

214

cant. In United States v. California Co-Operative Canneries, 279 US 553, 556, the court said: ". . . intervention will not be allowed for the purpose of impeaching a decree already made." In In re Estate of Reemts, 383 Ill 447, 50 NE2d 514, a case decided in 1943, before sec 26.1 was added to our statutes, the court holds that it is fundamental that leave to intervene must be sought during the pendency of a suit, and in 4 Moore's Federal Practice, ¶ 24.13, p 99, it is further said: "Intervention after judgment is unusual and not often granted. It may be allowed, however, where it is the only way to protect the intervener's rights . . . ."

In the case before us Triangle filed a motion to vacate the judgment of the court of July 28, 1960, which ordered that a writ of injunction be issued against it, and in that motion it set up the same ground relied on by Dahlman in his petition to intervene—that the zoning ordinance was unconstitutional. The trial court on July 17, 1961 denied the motion to vacate. No appeal was taken from that order. The petition of Dahlman makes no attempt to reopen that question, nor does he seek to intervene in Triangle's attempt to vacate the injunction order. He now seeks to intervene in the original suit. If we could assume Dahlman had a sufficient interest to permit timely intervention in the original suit under subparagraph (1)(b), it might be said that interest was inadequately represented at the time the original injunction order was issued; nevertheless the subsequent motion of Triangle to vacate the injunction order was an adequate protection of any rights which either Dahlman or Triangle might have had. The same questions are raised in that motion as are set out in Dahlman's petition for leave to intervene. The court properly ruled that Dahlman could not intervene under subparagraph (1)(b).

Dahlman did not have a sufficient interest in the subject matter of the suit. His petition for interven-

tion was not timely in that it was filed a year after judgment had been entered in the original suit. Dahlman cannot contend that his representation was inadequate in the case at the time when his petition to intervene was filed. The same questions which he seems to present were raised by Triangle in its motion to vacate, and both parties have joined in one brief in this court and have argued the same alleged errors.

The court also ruled properly in denying Dahlman leave to intervene under subparagraph (2) on the same grounds which we have heretofore stated. The court under either subparagraph (1) or (2) of section 26.1 of the statute did not abuse its discretion.

The County has contended that the appeal of Triangle should be dismissed but made no such contention with regard to Dahlman's appeal. Intervention is not an independent proceeding. It is ancillary to the main proceeding. 35A CJS Federal Civil Procedure, sec 129. We are not passing on the question of whether under the cases construing section 50(2) of the Civil Practice Act this appeal should not also be dismissed, instead we are deciding it on the merits.

The appeal of Triangle from the order of October 20, 1961 is dismissed. Dahlman's appeal is from the order of October 20, 1961 insofar as it denied his petition for leave to intervene, and in this respect the order is affirmed.

Affirmed in part; appeals dismissed in part.

DEMPSEY, P. J. and SCHWARTZ, J., concur.