JACKIE L. OSMAN, Plaintiff, *v.* PHYLLIS A. OSMAN, Defendant-Appellee— (LOREN OSMAN *et al.*, Defendants-Appellants.)

(No. 69-144;

Fifth District—November 20, 1970.

Deneen A. Watson, of Harrisburg, for appellants.

Joseph R. Hale, of Shawneetown, for appellees.

Mr. PRESIDING JUSTICE MORAN delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Hardin County awarding final custody of a minor child to the defendant.

On January 27, 1966 plaintiff, Jackie L. Osman, was granted a divorce from the defendant, Phyllis A. Osman, now Phyllis Harrison. The decree, as amended, specifically found that both the father and mother were fit and proper persons to have the custody of their three minor children, but the trial court awarded the custody of the children to the father, "as long as he maintains a family unit in the household of his father and mother" because of the circumstances existing at that time. On October 5, 1966 defendant filed a petition for modification requesting a change in the custody of the three children from plaintiff to herself, to which plaintiff filed an answer. On November 15, 1966 a

hearing was held at which plaintiff appeared and the paternal grandparents testified and the hearing was continued until October 19, 1967. At that time additional testimony was heard but plaintiff did not appear. The court entered an order modifying the divorce decree by transferring custody of the two minor daughters from plaintiff to defendant and reserving for further consideration and final determination the question of the change of custody of the minor son, Jackie Lee Osman, at any time after one year from the date of the order. On July 15, 1969 defendant filed a motion for final determination as to the custody of Jackie Lee Osman. Plaintiff did not plead to the motion or appear at the hearing. On August 25, 1969, the date of the hearing, the paternal grandparents filed a petition to intervene, alleging that they were the paternal grandparents of the minor child, that he has been in their custody for over five years, and that defendant's petition is adverse to their rights and to the best interests and welfare of the minor child. The petition to intervene was denied on the ground that it was not timely. The trial court then appointed the grandparents' attorney as guardian ad litem to represent the interests of the minor child. At the final hearing on August 25, 1969 plaintiff did not appear; only the defendant, John Harrison, her new husband, and Loren Osman, the paternal grandfather, testified. The trial court entered an order finding that the order of October 19, 1967 modifying the original divorce decree had reserved ruling as to the change in custody of Jackie Lee Osman for further consideration and final determination to be made at any time after one year from that date "and that at this time it was to the best interest and welfare of Jackie Lee Osman that the court then rule on the petition for custody and that such custody should be awarded to the defendant subject to visitation rights by the plaintiff and the paternal grandparents." The grandparents and their attorney as guardian ad litem filed a motion for rehearing which was denied on September 8, 1969 and they appealed.

■■ Appellants first contend that the trial court erred in denying the petition of the grandparents to intervene in the modification proceeding on the grounds that their petition was not timely. Under the Civil Practice Act persons are permitted to intervene as a matter of right or within the discretion of the court only "upon timely application." (Ill. Rev. Stat., 1967, ch. 110, pars. 26.1(1), (2)). Defendant's original petition to modify the decree as to custody of the children was filed on October 5, 1966. The grandparents were present in court at the first hearing on November 15, 1966, but not on the second hearing on October 19, 1967, although the grandmother was notified of the hearing. The petition for final determination of custody of Jackie Lee Osman was filed on July

15, 1969 and notice was given to the grandparents at that time, but it was not until August 25, 1969 the date of hearing that the grandparents filed their motion to intervene at which time the trial court denied the motion on the ground that it was not timely. Since the statute does not set forth what constitutes timeliness, it has been held that this question must be answered in each case by the exercise of sound discretion by the trial court based on the factors and circumstances of the particular case. (*County of Cook v. Triangle Sign Company*, 40 Ill.App.2d 202; *Childress v. State Farm Mutual Automobile Insurance*, 97 Ill.App.2d 112.) In view of the circumstances under which the petition to intervene was filed, we do not believe that the trial court abused its discretion in denying the petition. In any event, the grandparents were permitted to testify and the trial court conducted several hearings which adequately protected the rights of all persons involved and the grandparents have not shown how denial of their petition to intervene has prejudiced their rights.

██ Appellants next contend that the trial court treated the appointment of the guardian ad litem as a mere formality because it restricted the cross-examination of defendant and her husband to matters heard on direct examination and refused to permit them to testify as adverse witnesses, that the court limited the testimony of the grandparents to matters existing at the time of the hearing and that the court refused to permit the minor child, then six years of age, to be called as a witness. Appellants rely on a comment by the trial court that "the only reason for the guardian ad litem was to cross-examine these witnesses and add anything different that might be brought out. At this time I think it would be highly irregular to have a full-fledged hearing. I wanted a guardian ad litem to ask questions of the witnesses." In addition to the testimony heard at the time of the original divorce decree, there were three separate hearings on defendant's petitions to modify the original decree which took place on November 15, 1966, October 19, 1967 and August 25, 1969. All of the testimony from these hearings was included in this record on appeal. The guardian ad litem had an opportunity to cross-examine the defendant and her husband but did not do so, nor did he make an offer of proof as to what would be disclosed by further testimony, or show how he has been prejudiced by the trial court's ruling. We do not believe that the trial court's ruling on hearing the minor child as a witness was either prejudicial or an abuse of discretion in view of the age of the child. The record shows that the hearings adequately protected the interests of all parties and that the role of the guardian ad litem as defined by the trial court was not improperly restricted.

■■ Finally, it is argued that the trial court erred in changing the custody of the child from the grandparents to defendant. The law as to custodial rights to a child between a natural parent and third persons is well settled. Our Supreme Court has stated: "It is always recognized that a natural parent has a superior right to the custody of his child. That right, however, is not absolute and must yield to the best interest of the child. Such superior right only obtains when it is in accord with the best interest of the child." *People ex rel. Edwards v. Livingston*, 42 Ill.2d 201, 209; *Giacopelli v. The Florence Crittenton Home*, 16 Ill.2d 556, 565.

The record, which includes the testimony heard in each of the three hearings, shows that the defendant, her present husband and the grandparents are all fit and proper persons to have custody of this child. There is no evidence to the contrary with respect to any of them. The child's father, Jackie Osman, has remarried and moved to Florida and has not lived in the grandparents' home with the child since June, 1967. The defendant's other three children appear to be happy and well-adjusted.

The record further discloses that the trial court gave careful consideration to all of the facets of this case over a long period of time. He saw the witnesses and heard them testify and was in a much better position than we are to determine their credibility. From his consideration he determined that defendant and her husband were fit persons to have the custody and control of the minor child and that it was in the best interest of the child to be placed in their family unit. It is obvious that he did not believe that defendant had abandoned or forfeited her rights to the child and this belief is supported by her consistent efforts in petitioning the court for modification of the custody decree.

■■■ We will not disturb the findings of the trial court unles it is apparent that they are against the manifest weight of the evidence (*People ex rel. Edwards v. Livingston, supra; Giacopelli v. The Florence Crittenton Home, supra*), and his findings are not against the manifest weight of the evidence in this case. Accordingly, the decree of the Circuit Court of Hardin County is affirmed.

Judgment affirmed.

EBERSPACHER and VERTICCHIO, JJ., concur.