CLARENCE A. ANDERSON *et al.*, Plaintiffs, v. THE GRAND BAHAMA DEVELOPMENT COMPANY *et al.*, Defendants-Appellees (J. A. Anderson *et al.*, Petitioners-Appellants).

First District (5th Division)   No. 83—2871

Opinion filed November 15, 1985.

Stephen B. Diamond and Margaret M. Fahrenbach, both of Beeler, Schad & Diamond, P.C., of Chicago, for appellants.

Reuben & Proctor, of Chicago (Don H. Reuben and Steven A. Weiss, of counsel), for appellees.

JUSTICE LORENZ delivered the opinion of the court:

Petitioners have appealed from an order of the circuit court of Cook County denying them leave for post-judgment intervention in a lawsuit. That lawsuit was originally filed as a class action but was then amended to delete all class allegations and was dismissed following a settlement between all named plaintiffs and the defendants (appellees here). Petitioners also appeal from the circuit court's denial of their motion to open the cause pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401).

We affirm.

In 1976 the original plaintiffs in this cause filed a complaint alleging that the defendants violated Illinois and Federal securities laws when they advertised and sold individual parcels of property on Lucaya, Grand Bahama Island. Plaintiffs brought the action individually and as a class action on behalf of:

> "All other persons who are or were Illinois residents and who have purchased investment contracts evidenced in part by land installment contracts for land in the Lucaya Development, through [defendants]."

The circuit court initially granted defendants' motion to dismiss the complaint for failure to state a cause of action, but on appeal to this court we reversed and remanded, finding that a proper cause of action had been made out. *Anderson v. Grand Bahama Development Co.* (1978), 67 Ill. App. 3d 687, 384 N.E.2d 981, *cert. denied* (1979), ·444 U.S. 930, 62 L. Ed. 2d 187, 100 S. Ct. 272.

On April 10, 1981, plaintiffs were given leave to file an amended

complaint adding over 60 additional plaintiffs and deleting all class action allegations. That same day the cause was dismissed in an order reciting that a settlement agreement had been entered into by the parties. No class had ever been certified, and the settlement agreement, which was not made part of the record, apparently only related to the named plaintiffs. It is undisputed that no attempt was ever made to notify other potential class members of the action.

On April 8, 1982, the petitioners filed a petition to intervene in the dismissed case and also sought to reopen the case as to them alone pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401). Petitioners alleged that they were similarly situated to the original plaintiffs, having also purchased land in the Lucaya Development from defendants. They also alleged that they had never received notice of the class action and were unaware of its existence or its subsequent settlement and dismissal until February or March of 1982. Petitioners generally alleged that "many" of their claims which had been preserved when the pertinent statutes of limitation were tolled because of the pendency of the class action suit would be barred because of the lapse of time between the dismissal of the suit and the filing of their petitions. Thus, petitioners contended that they had been prejudiced by the failure to notify them of the pendency or settlement and dismissal of the class action. They sought to reopen the case and to intervene in order to continue the tolling of the pertinent statutes of limitation.

Attached to the petition was the complaint petitioners sought to file, containing substantially the same claims as those in the class action complaint. Petitioners also filed a separate identical complaint in the circuit court, an action which remains pending. Those complaints contain no class allegations.

The circuit court ultimately denied the petition to intervene and open judgment finding that petitioners had failed to establish that intervention was necessary to protect their rights. The court found that the independent action brought by the petitioners would protect their rights.

On appeal, petitioners contend that their intervention is authorized by section 2—804(a) of the class action statute, which provides that any class member may intervene in a class action with leave of court. (Ill. Rev. Stat. 1983, ch. 110, par. 2—804(a).) Defendants contend, *inter alia,* that the section is inapplicable because at the time the petition was filed no class action was pending and because in any event petitioners do not seek to bring a class action.

Petitioners also contend their intervention is authorized by the

general intervention statute both as a matter of right (Ill. Rev. Stat. 1983, ch. 110, par. 2—408(a)) and under that portion of the statute authorizing permissive interventions (Ill. Rev. Stat. 1983, ch. 110, par. 2—408(b)). Defendants contend that petitioners have failed to meet the statutory requirements of either of those provisions.

We do not reach the merits of these contentions because we agree with the circuit court's finding that petitioners failed to meet their burden of establishing that post-judgment intervention was necessary to protect their interests.

■■■ Because a prerequisite to any petition to intervene is that the petition be timely (*In re Application of County Treasurer* (1983), 113 Ill. App. 3d 655, 447 N.E.2d 553), the general rule is that intervention is only permitted prior to the entry of judgment (*O'Bannon v. Northern Petrochemical Co.* (1983), 113 Ill. App. 3d 734, 447 N.E.2d 985). Post-judgment intervention is limited to those situations where it is the only way of protecting the rights of the intervenor. (*People ex rel. Scott v. Illinois Protestant Children's Home, Inc.* (1981), 95 Ill. App. 3d 552, 420 N.E.2d 448.) Petitioner must make a strong showing before such intervention will be allowed. (*County of Cook v. Triangle Sign Co.* (1963), 40 Ill. App. 2d 202, 189 N.E.2d 25.) The ultimate determination of the timeliness of a petition for intervention is a matter within the discretion of the trial judge. *O'Bannon v. Northern Petrochemical Co.* (1983), 113 Ill. App. 3d 734, 447 N.E.2d 985.

■■ In this cause, petitioners based their claim of the necessity for intervention solely on the conclusory allegation in their petition that without such intervention, which would continue the tolling of pertinent statutes of limitation, the statutes would have run as to "many" of their claims in the time period between the settlement and dismissal and the filing of their complaint. In the circuit court defendants responded to this contention by noting that petitioners had failed to specify a single claim that would be so barred. Petitioners never did specify any such claim and indeed on appeal petitioners now refer merely to the "probability" that many of their claims will be time barred. Nothing in the record establishes that any of petitioners' claims will be barred because of the lapse of time between dismissal and the filing of their separate complaint.

■■ Because petitioners thus failed to meet their burden of establishing that intervention was necessary to protect their rights, we find no abuse of discretion in the circuit court's denial of that petition. Finally, because defendants' motion for section 2—1401 relief was premised on their right to intervene in the original action we find the circuit court also properly denied petitioners that relief. *People ex rel.*

*Scott v. Illinois Protestant Children's Home, Inc.* (1981), 95 Ill. App. 3d 552, 420 N.E.2d 448.

The judgment of the trial court is affirmed.

Affirmed.

MEJDA, P.J., and PINCHAM, J., concur.