JOHN T. LESTER *et al.*

*v.*

SAMUEL BERKOWITZ.

*Filed at Ottawa June 16, 1888.*

1.   APPEAL—*interlocutory order—what is a final order—of an order to produce books of account.*   An appeal or writ of error will not lie to review a mere interlocutory order of court, or an order which is not final.

2.   An order of court upon the defendants in a suit at law, to place certain books in which the business transactions of the defendants with the plaintiff and other persons are recorded, in possession of the clerk of the court, that they may be inspected by the plaintiff and his attorney, in order that they may prepare for the trial of the cause, is not such a final order as may be reviewed on appeal or writ of error.

3.   If the court attempts to enforce obedience to such an order by the imposition of a fine in a sum of money, with an order for an execution, or by a definite term of imprisonment, as for a contempt of court, the judgment of the court imposing such fine or imprisonment will be final, and one from which an appeal may be taken or to which a writ of error will lie.   In such case, the propriety of the interlocutory order may be considered.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Mr. JOHN N. JEWETT, and Mr. JOHN S. COOK, for the plaintiffs in error:

The order of the circuit court was a final order respecting the subject matter embraced within it.   *Blake* v. *Blake*, 80 Ill. 523; *Stuart* v. *People*, 3 Scam. 396; *Sloo* v. *State Bank*, 1 id. 428; *Wells* v. *Hogan*, Beecher's Breese, 337.

Mr. THOMAS J. SUTHERLAND, for the defendant in error, contended that the order was not such a final order as could be brought in review by appeal or writ of error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The motion made by defendant to dismiss the writ of error in this case must be allowed to prevail. The order of the circuit court upon which error is assigned is not final, in the sense that an appeal may be taken from it, or writ of error may be sued out to review it. It is simply an interlocutory order made by the court in the progress of a suit at law, and is in no sense definitive, as that term is used in the law. It is an order made under power thought to be conferred by the statute, upon defendants, to place certain books, in which the business transactions of defendants with plaintiff and other persons are recorded, in the possession of the clerk of the court, that they may be inspected by plaintiff and his attorney, in order that they might prepare for the trial of the cause. It was the privilege of defendants either to obey the order, or stand in defiance of the power of the court. Had the court attempted to enforce obedience to its order by the imposition of a fine in a sum of money, with an order for an execution, or by a definite term of imprisonment, as for contempt of court, the judgment of the court imposing such fine or imprisonment would be final, and from which an appeal might be taken, or to which a writ of error would lie. That would conform exactly with the rule stated by this court in *Blake's case,* 80 Ill. 523. On the reviewing of such a judgment of the court that might deprive defendants either of their property or their liberty, the propriety of the preliminary or interlocutory order could be considered, otherwise not.

The writ of error will be dismissed.

*Writ of error dismissed.*