## Charles H. Stone et al. v. William Burry et al.

1. Final Order—*What is not.*—An order of court adjudging a resident of another State in contempt, that he appear for punishment and that a warrant issue forthwith to bring him before the court, is not a final order.

Contempt of Court.—Error to the Circuit Court of Cook County; the Hon. Murray F. Tuley, Judge, presiding. Heard in this court at the March term, 1896. Dismissed. Opinion filed March 31, 1896.

Dow, Walker & Walker, attorneys for plaintiffs in error.

A court has no power to enter an order or decree affecting the rights of any parties unless the court has jurisdiction, not only of the subject-matter, but also of the parties. If either is wanting, the whole proceeding is *coram non judice.* Miller v. Glasson, 14 Ill. App. 177; Johnson v. Johnson, 30 Ill. 215; Campbell v. McCahan, 41 Ill. 45; Sercomb v. Catlin, 128 Ill. 556.

The special appearance on the part of the respondents and answer filed by their attorneys gave the court no jurisdiction, for a special appearance denying the jurisdiction of the court does not confer jurisdiction where none existed. Graves v. Whitney, 49 Ill. App. 435.

The court had no jurisdiction to enter the order compelling the non-resident officers of the defendant corporation to come to Chicago and testify. The statute requires that a subpœna should be issued by the commissioner before whom a cause is pending, and that the witnesses should be tendered their proper fees and expenses, before they are bound to appear and testify. Chapter 51, R. S., Secs. 36, 37.

In the absence of the requirements of the statutes, they are not bound to appear, and on their failure so to do they will not be punished for contempt of court. Bonner v. The People, 41 Ill. App. 628.

Charles S. Williston and Lorenzo C. Brooks, attorneys for defendants in error.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

Great questions of international, or at least of interstate law, are involved in this case which we are prevented from enlightening the world upon by the fact that there is no final order in the case in the Circuit Court.

After several findings the court " ordered, adjudged and decreed that " the plaintiffs in error " are in contempt of this court and that they each appear before this court to be punished according to law, and that a warrant issue forthwith to bring them, and each of them, before this court to be punished according to law."

As they were, and during the whole pendency of the suit had been, residents of New York, notified there to obey the court here, and as the warrant issued from the court here can not be executed in New York, the probability that they will appear to be punished is not great.

That the order complained of is not final, see Lester v. Berkowitz, 125 Ill. 307. The writ of error will be dismissed.