## Bernice Josephine Flaningam, Appellee, v. Glen Flaningam, Appellant.

Gen. No. 10,142.

Opinion filed April 18, 1947. Rehearing denied June 23, 1947. Released for publication June 23, 1947.

WARNER & WARNER and DIXON, DEVINE, BRACKEN & DIXON, all of Dixon, for appellant; H. C. WARNER and ROBERT L. BRACKEN, both of Dixon, of counsel.

B. JAY KNIGHT and LAWRENCE F. O'BRIEN, both of Rockford, for appellee; FREDERICK H. HAYE and THOMAS A. KEEGAN, both of Rockford, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

This is an appeal from an order of the circuit court of Lee county, Illinois, finding the defendant appellant, Glen Flaningam, in contempt of court. In the original divorce proceeding, Bernice Flaningam filed a petition to show cause, and set forth the provision of the divorce decree awarding custody of the minor children of the parties to her. She alleged that the defendant withheld them from her custody. The defendant filed his answer to the petition admitting the entry of the decree for divorce, and its provisions, but denied that they were still in full force and effect, and set up the orders of the county court of Lee county, entered prior to the decree of divorce, declaring the children to be dependent and wards of the court, and awarding their custody to the grandparents. He also set up by way of defense, the order of the county court in a subsequent proceeding awarding the children to him, the father. The plaintiff filed a motion to strike the answer, as not setting forth a legal defense to her petition. The court sustained the plaintiff's motion and struck his answer from the files, and found him guilty of contempt of court, and entered the following order. "It is therefore ordered, adjudged and decreed by this Court that the defendant, Glen Flaningam, is in contempt of this Court for failure to comply with the terms of the divorce decree heretofore entered herein as aforesaid;

"It is further ordered, that said defendant shall purge himself of such contempt on or before Oct. 18,

1946, by delivering to the plaintiff the custody of the minor children of the parties, as heretofore ordered.''

It is a well settled rule of law, except in certain cases, that an order of court to be appealable must be a final one. In *Lester v. Berkowitz*, 125 Ill. 307, we find the following: ''The motion made by defendant to dismiss the writ of error in this case must be allowed to prevail. The order of the circuit court upon which error is assigned is not final, in the sense that an appeal may be taken from it, or writ of error may be sued out to review it. It is simply an interlocutory order made by the court in the progress of a suit at law, and is in no sense definitive, as that term is used in the law. It is an order made under power thought to be conferred by the statute, upon defendants, to place certain books, in which the business transactions of defendants with plaintiff and other persons are recorded, in the possession of the clerk of the court, that they may be inspected by plaintiff and his attorney, in order that they might prepare for the trial of the cause. It was the privilege of defendants either to obey the order, or stand in defiance of the power of the court. Had the court attempted to enforce obedience to its order by the imposition of a fine in a sum of money, with an order for an execution, or by a definite term of imprisonment, as for contempt of court, the judgment of the court imposing such fine or imprisonment would be final, and from which an appeal might be taken, or to which a writ of error would lie.''

In a later appeal of the same case in *Lester v. People,* 150 Ill. 408, the court reaffirms its former decision, and quotes *verbatim* from the case reported in *Lester v. Berkowitz.* To the same effect is *Kelly v. Chicago, B. & Q. R. Co.,* 213 Ill. 296; *Chicago Portrait Co. v. Chicago Crayon Co.,* 217 Ill. 200; *McEwen v. McEwen,* 55 Ill. App. 340; *McDonald v. Walsh,* 367 Ill. 529.

It is our conclusion that the order appealed from is not a final appealable order, and under the circumstances, it is the duty of this court to dismiss the appeal.

*Appeal dismissed.*