JOHN BATH & COMPANY, INC. & another *vs.*
COMMONWEALTH.

Suffolk.    October 7, 1964. — October 30, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
SPIEGEL, & REARDON, JJ.

*Contempt. Jury and Jurors. Pleading, Criminal,* Complaint.

Upon a complaint against an employer for contempt of court for a violation of G. L. c. 268, § 14A, by discharging an employee because of his "attendance or service as a . . . juror," a finding by the trial judge that a requirement imposed by the defendant on the employee, that he work from 7:30 A.M. to 9:15 A.M. each day before going to court, was unreasonable supported conclusions that the requirement risked impairing the employee's effectiveness as a juror and interfered with the proper functioning of the court and that by discharging the employee for noncompliance therewith the defendant violated the statute. [81–82]

A court has inherent power to punish an employer for interfering with its proper functioning by discharging an employee because of his attendance or service as a juror; and, if the employer is a corporation, to punish an officer thereof who causes it to discharge an employee because of jury duty. [82]

A complaint entitled "Contempt of Court under G. L. c. 268, § 14A," alleging that the defendant, as vice-president of a corporation, discharged an employee thereof because of his service as a traverse juror and that the defendant thereby committed a contempt of court was

sufficient even though the complaint made no reference to the court's power to punish for contempt apart from the statute and § 14A specified only violation "by an employer" as being a contempt of court. [82–83]

PETITION for a writ of error filed in the Supreme Judicial Court for the county of Suffolk on May 1, 1963.

The case was reserved and reported by *Whittemore, J.,* without decision.

*Francis P. O'Connor* for the petitioners.

*Warren K. Kaplan,* Special Assistant Attorney General (*James W. Bailey,* Assistant Attorney General, with him), for the Commonwealth.

WHITTEMORE, J. The petitioners for writ of error, John Bath & Company, Inc., and Allan W. Bath, its vice-president, seek to have set aside judgments of the Superior Court of May 7, 1962, holding them in contempt for discharging an employee for refusing to work while on jury service. The case was reserved and reported by a single justice.

The complaints for contempt are entitled "Complaint Contempt of Court under G. L. c. 268, § 14A." This statute provides: "No person shall be discharged from or deprived of his employment because of his attendance or service as a grand or traverse juror in any court. Violation of this section by an employer shall be a contempt of the court upon which such person is or has been in attendance or in which he is or has been serving as a grand or traverse juror, and such employer may be prosecuted upon complaint verified upon oath and be punished for such contempt."

The return includes the findings and rulings of the judge of the Superior Court. Ronald K. Larson, the discharged employee, reported for jury service in Worcester on April 2, 1962, having theretofore told his foreman of the call for jury duty. The jury session was to continue to May 4, 1962. On the evening of April 3, the foreman directed Larson to report for work between the hours of 7:30 A.M. and 9:15 A.M. each day during his jury service. Larson replied in substance that the circumstances did not permit this and

declined to comply.   On April 5, Larson received by registered mail a letter on the letterhead of the corporation signed by Bath as "Vice President — Mfg." directing him, on penalty of disciplinary action or discharge, to report for work as ordered by the foreman.   There followed two conversations between Larson and Bath, in each of which the direction under penalty of discharge was repeated and Larson protested his inability to comply.   The second of these conversations was in the presence of labor union officials at the company plant on April 19.   On April 23, Larson received another registered letter from Bath as "Vice President — Mfg." notifying him of his discharge for "repeated insubordination" in failing to obey directions "to report for work mornings from 7:30 A.M. — 9:15 A.M. while serving on jury duty."

Larson's place of employment was three miles from the court house in Worcester and about seven miles from his home in Millbury.   His workday began at 7:30 A.M.   Normally he operated a grinding machine and was subjected to a considerable spattering of oil and an oil mist from the flow of lubricating oil upon the grinding wheel.   After any appreciable working time, Larson had oil on his shoes, clothes, and person.   There were at the plant no bathing facilities and only limited washing facilities available for employees' use.   Hot water was seldom provided.

The judge found that Larson could not have reasonably been expected adequately to perform both his jury duty and the employment requirements and that, under all the circumstances, the conditions imposed by the employer were unreasonable.   He stated the view that jurors must be free of compulsory nonjury assignments under threat of discharge inasmuch as any such assignment might interfere with the juror's availability or his peace of mind.   The judge construed the statute as a command to those individuals within the corporation who act for it and ruled that the contempt of the corporation was Bath's contempt also. He ruled that the violation of the statute by the petitioners was derogatory of the proper administration of justice.

The judge found that both petitioners had wilfully violated the statute.

The review is limited to questions of law apparent on the record. *New England Novelty Co. Inc.* v. *Sandberg,* 315 Mass. 739, 747–748, and cases cited (cert. den. 323 U. S. 740; rehearing den. 323 U. S. 815). *Hansen* v. *Commonwealth,* 344 Mass. 214, 222. No error is shown.

The petitioners contend that the subsidiary findings show that Larson was discharged for insubordination rather than because of his "attendance or service" as a juror, so that it was error in law to find violation of the statute. They ask us, in effect, as we understand their position, to rule that there was in the requirement that Larson work each day before going to court no necessary interference with jury duty, that it is inferable that the requirement would have been reasonably enforced by the employer so as not to cause any such interference, and that Larson's refusal to comply was not because of anticipated inability, but rather because of an unreasonable insistence on jury duty as an excuse for not working.

The issue, however, is not whether the employee might have worked each morning without impairing his effectiveness as a juror. The issue, as we view it, is whether the work requirements imposed upon the employee risked impairment of that effectiveness. Imposition of such risk was an interference with a juror's primary obligation, his jury service. Such interference was an interference with the proper functioning of the court.

Larson, rightly, as it turned out in view of the judge's findings, acted on the assumption that his "service as a . . . juror" was incompatible with his working every day from 7:30 A.M. to 9:15 A.M. When the employer discharged him for not working every day, it discharged him because he had acted rightly to keep his obligation to perform jury service paramount. That was discharge because of "service as a . . . juror" within the meaning of the statute.

We do not agree with the petitioners that the sole basis of the judgments below is the judge's conclusion that any

work requirement even though it would not risk impair-
ment of the employee's effectiveness as a juror, assuming a
discharge for a violation thereof, would be a violation of
G. L. c. 268, § 14A. We need not determine whether there
might be requirements of an employer for sporadic, emer-
gency or other work by the employee that would be so
plainly compatible with the employee's jury service that
sanctions could be imposed by the employer.[1] But here the
issue is narrowed by the judge's finding that the require-
ment imposed on Larson was unreasonable. This supports
the conclusion that the requirement interfered with the
functioning of the court.

The petitioner Bath contends that he was not in contempt
of court because the statute makes only a violation by the
employer a contempt.

The statute gives legislative recognition to the proposi-
tion that discharging an employee because of jury duty
would be interference with the court. Apart from the stat-
ute's declaration that violation of its terms is contempt, the
court would have power to punish such interference. See
*Cartwright's Case,* 114 Mass. 230, 238; *New England Nov-
elty Co. Inc. v. Sandberg,* 315 Mass. 739, 746; *People* v.
*Huggins,* 258 Ill. App. 238, 243; *People* v. *Vitucci,* 49 Ill.
App. 2d 171, 172. The officer or employee is himself inter-
fering with the court when he causes the employer to act.
See *Commonwealth* v. *Hudson,* 315 Mass. 335, 347 (viola-
tion of court decree). The Legislature has not undertaken
to limit the court's power otherwise existing to deal with
Bath's contempt. Such an attempt would raise a serious
constitutional question. *Opinion of the Justices,* 314 Mass.
767, 782.

It is inconsequential that this complaint and the judge's
rulings made no reference to the power of the court to pun-
ish for a contempt apart from the statute. It is enough

---

[1] Certainly, in any case, the course of prudence would be for the employer
or employee or both to refer any doubts to the judge to whom the juror is
responsible in his paramount obligation and who alone is empowered to excuse
a juror from the full performance of the duty to which he has been summoned.

that the complaint alleged that Bath, as vice-president of the corporation, discharged Larson because of his service as a traverse juror and that Bath thereby committed a contempt of court, and that the findings establish that Bath did act as the effective agent of the corporation in causing the discharge. In so acting for the corporate employer Bath himself violated the mandate: "No person shall be discharged . . . because of his . . . service as a . . . juror . . . ." See *Commonwealth* v. *Hudson*, 315 Mass. 335, 347; *Wilson* v. *United States*, 221 U. S. 361, 376–377. The reference to the statute in the title of the complaint can require no more than that Bath's violation of the statute be shown. *Woodbury* v. *Commonwealth*, 295 Mass. 316, 323. Such violation was a contempt apart from the statutory specification of the employer's contempt.

The findings of subsidiary facts do not show whether the petitioners knew of the statute. The petitioners do not contend that there was error in law in the judge's finding of wilful violation and we discern none. The finding in context means, we think, that the petitioners, by their intentional acts, assumed the risk of interference with the court and what that might entail.

*Judgments affirmed.*