DANIEL J. HENRY *et al.*, d/b/a Orchard Hill Building Company, Plaintiffs-Appellees, *v.* JOSEPH M. WAZ *et al.*, Defendants-Appellants.

Second District (2nd Division) No. 74-164

Opinion filed February 13, 1976.

Lance Haddix, of Zeitlin & Schwab, of Chicago, for appellants.

John R. Mackay, of Wheaton, for appellees.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

Defendants appeal from an order entered in January, 1974, denying their "Motion to Dissolve Injunction [entered August 28, 1970] and to Vacate Judgment of Contempt [entered on October 15, 1973]," which adjudged these defendants guilty of contempt for violation of that injunction, but imposed no sanctions either by fine or imprisonment.

Plaintiffs are builders and developers of Farmingdale Subdivision, near Westmont, in Du Page County. In August, 1970, they filed a complaint naming these defendants and two others,[1] all of whom had purchased homes from the plaintiffs and alleging various restraints by them against potential buyers and others, and interference in the conduct of plaintiffs' business and the operation of their sales office; the complaint asked for an injunction to restrain defendants from coming upon plaintiffs' premises, from interfering with the conduct of their business and from blocking ingress to plaintiffs' sales office, and for $100,000 damages. At the hearing on August 28, 1970, on plaintiffs' motion for a "Temporary Writ of Injunction and Restraining Order" defendants in effect acquiesced in the entry of such order and stated that they would file their answer and counterclaim in ten days. All parties at that hearing expressed a commendable eagerness for a prompt determination by the court of their controversies. The order entered on that date restrained the defendants, *inter alia*, from coming upon the plaintiffs' premises or interfering with plaintiffs and their employees in the conduct of their business on plaintiffs' premises, and directed them to cease blocking public or (plaintiffs') privately owned streets or ingress to plaintiffs' sales office; the order was to be effective "until further order" of court.[2]

On October 5, 1970, defendants filed their answers to the complaint and their respective counterclaims. Their answers did not ask for dissolution of the injunction order; indeed, no reference whatever was made in their answers to such order or to plaintiffs' right thereto. Each of the counterclaims set forth what in effect were allegations of plain-

---

[1] One of the others (Wienand) was dismissed with prejudice on August 28, 1970, and the other (Mathauser) was not included in the "contempt" proceedings, and is not a party to this appeal.

[2] Paragraph two of that order, which would have restrained picketing (displaying signs on plaintiffs' private property, maligning plaintiffs' reputation and trespassing on plaintiffs' property) was stricken from the order before entry.

tiffs' breaches of the contracts with the defendants, and each requested damages of $30,000 therefor.[3]

On October 15, 1973, upon plaintiffs' petition for a rule to show cause and after hearing testimony, the trial court entered an order adjudging the defendants guilty of contempt, but continued the matter to a date certain[4] for the imposition of penalties. On November 19, 1973, defendants filed their motion to dissolve the injunction entered in 1970 and to vacate the order of October 15, 1973, adjudging them guilty of contempt of court. Subsequently plaintiffs filed their answer thereto and after hearing, the order appealed from was entered by the trial court. It should be pointed out again that although defendants did not appeal from the 1970 injunction (and that defendants in effect acquiesced in its entry), and took no appeal from the order of October 15, 1973, adjudging them guilty of contempt, their attack in this appeal is directed primarily against those orders.

■■ An order adjudging a person in contempt, but not imposing any punishment, whether by fine or imprisonment, is not reviewable. (12 Ill. L.&Pr. Contempt §84 (1955); Annot., 33 A.L.R.3d 448, 564-566 (1970); *County of Cook v. Triangle Sign Co.*, 40 Ill. App. 2d 202, 210; *Lester v. Berkowitz*, 125 Ill. 307, 308; *Flaningam v. Flaningam*, 331 Ill. App. 418, 420.) In *Lester* the Supreme Court, in dismissing a writ of error, said:

"It was the privilege of defendants either to obey the order, or stand in defiance of the power of the court. Had the court attempted to enforce obedience to its order by the imposition of a fine  *  *  *  with an order for an execution, or by a definite term of imprisonment, as for contempt of court, the judgment of the court imposing such fine or imprisonment would be final, and from which an appeal might be taken  *  *  *."

In the case at bar the trial court imposed no sanctions whatever, although the defendants were adjudged in contempt. Therefore, neither the contempt order nor the trial court's refusal to vacate it are reviewable and we decline to do so.

■■ Defendants' attack on the 1970 order is first directed to its caption as an "Order for Temporary Writ of Injunction" and defendants

---

[3] The record discloses that thereafter until May or June of 1973, the parties proceeded with interrogatories, the taking of depositions and settlement discussions, which seemed to have been on the verge of succeeding but failed of consummation sometime in April, 1973.

[4] December 17, 1973. On that date it was further continued to January 8, 1974, for the imposition of penalties. No further date was set thereafter.

argue that the 1967 revision of the Injunction Act contemplates only the entry of "temporary restraining orders" and "preliminary injunctions," prior to resolution of the controversy on its merits (Ill. Rev. Stat. 1967, ch. 69, par. 3—1), but not "temporary injunctions." As noted above defendants did not appeal from the 1970 injunction order and acquiesced in its entry with their expressed desire (which was not fulfilled) for a prompt resolution of the controversy on its merits. We are nevertheless constrained to point out that it is abundantly clear from that order that it is in fact a "preliminary injunction." In any case the time for review of the 1970 order has long since expired.

■■ We next consider whether the trial court erred in denying defendants' motion for dissolution of the 1970 injunction. Section 15 of the Injunction Act (Ill. Rev. Stat. 1971, ch. 69, par. 15) provides:

"A motion to dissolve an injunction may be made at any time upon answer, or for want of equity on the face of the complaint."

Instead of moving for dissolution of the injunction defendants filed their answers and counterclaims in October, 1970. Their answers did not assert want of equity on the face of the complaint or refer in any manner to the injunction order. Their motion, filed more than three years later, in November, 1973, asking for dissolution of the 1970 injunction raised no issue other than their assertion that the terms of the injunction were "overbroad." In view of all the circumstances, we conclude that the trial court properly denied defendants' motion for dissolution of the preliminary injunction. The litigation appears to be at issue and the controversy between the parties and the issue of the injunction are in a position to be tried and concluded on the merits.

Therefore, insofar as this appeal may be construed as being from the contempt order of January, 1974, and the trial court's refusal to vacate such order, this appeal is dismissed; the judgment of the trial court in denying dissolution of the August, 1970, preliminary injunction is affirmed. In view of our holding no purpose would be served in considering other issues raised by the parties.

Appeal dismissed in part and judgment affirmed in part.

T. J. MORAN, P. J., and DIXON, J., concur.