JOHN P. KRYZAK, Petitioner-Appellee, *v.* ACCURATE CAST PRODUCTS, INC., *et al.,* Respondents-Appellants.

First District (5th Division)   No. 76-189

Opinion filed May 28, 1976.

John T. Mead, of Notz, Craven, Mead, Maloney & Price, of Chicago, for appellants.

No brief filed for appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

In an order dated December 4, 1975, respondents were found to be in contempt of court for refusing to rehire a laid-off employee who was unable to return to work when recalled by respondents due to jury service. The court's order stated:

> " * * * [T]he conduct of the respondents * * * in refusing to employ petitioner, John P. Kryzak, on December 1, 1975, following his service as a juror in the circuit court of Cook County is contemptuous of this court and obstructs the court in the discharge of its duties.
>
> Wherefore the court orders that the respondents shall employ the petitioner, and shall pay the petitioner back pay from December 1, 1975;
>
> It is further ordered that failure of the respondents to abide by the terms of this order shall result in incarceration in the Cook County Jail;
>
> It is further ordered that this cause is continued to December 4, 1976, to insure compliance with this order, at which time if respondents have complied with the order the respondents will be discharged."

A supplemental order was entered on December 5, 1975, which added the provision that respondent's incarceration for noncompliance would last " * * * until respondents comply with the order heretofore entered." The supplemental order further stated that there was no just reason to stay enforcement or delay an appeal of this matter.

Respondents appeal from both orders contending that there was no evidentiary base on which the court's findings could be grounded.

Petitioner has moved to dismiss the appeal. As grounds for his motion he points to the fact that the orders of the trial court "did not impose any punishment, by way of fine or imprisonment, on respondents." The supreme court has indicated that where a finding of contempt has been made and the punishment for such contempt consists of the traditional fine or imprisonment, such an adjudication is a final and appealable order, (*People ex rel. General Motors Corp. v. Bua*, 37 Ill. 2d 180, 189, 226 N.E.2d 6.) However, it is well established that an order adjudging a person to be in contempt, but which does not impose punishment, whether by fine or imprisonment, is not reviewable. (*Lester v. Berkowitz*, 125 Ill. 307, 308, 17 N.E. 706; *Flaningam v. Flaningam*, 331 Ill. App. 418, 73 N.E.2d 652; *In re Estate of Atwood*, 97 Ill. App. 2d 311, 240 N.E.2d 451; *Avis Plumbing & Heating Contractors Corp. v. McCormick*

*Theological Seminary*, 131 Ill. App. 2d 603, 268 N.E.2d 472.) In *Lester* the supreme court in dismissing a writ of error held:

> "It was the privilege of defendants either to obey the order or stand in defiance of the power of the court. Had the court attempted to enforce obedience to its order by the imposition of a fine * * * with an order for an execution, or by a definite term of imprisonment, as for contempt of court, the judgment of the court imposing such fine or imprisonment would be final, and from which an appeal might be taken, * * *." 125 Ill. 307, 308.

In the instant case, although respondents were adjudged in contempt, the court imposed no sanctions. Punishment in the form of incarceration was to be imposed only if after the passage of one year, respondents failed to perform certain acts, namely, the rehiring of petitioner and the payment to him of a small sum of back pay. Thus, under the rule of law first propounded in *Lester* and followed by the courts of this State throughout this century, the orders before us are not appealable.

Respondents, in answer to petitioner's motion to dismiss the appeal, have argued that the court's supplemental order of December 5, 1975, in which it was stated that the court's supplemental order of December 5, 1975, in which it was stated that "there is no just reason to stay or to delay an appeal * * * from the order of December 5, 1975," makes this matter appealable. This argument is without merit since it is well established that the inclusion of such a special finding in the trial court's order "cannot confer appellate jurisdiction if the order is in fact not final." *Crane Paper Stock Co. v. Chicago & Northwestern Ry. Co.*, 63 Ill. 2d 61, 66, 344 N.E.2d 461; see also *Martino v. Barra*, 37 Ill. 2d 588, 229 N.E.2d 545; *Davis v. Childers*, 33 Ill. 2d 297; 211 N.E.2d 364.

Accordingly petitioner's motion to dismiss the appeal is allowed.

Appeal dismissed.

LORENZ, P. J., and SULLIVAN, J., concur.