MARY BONE, Plaintiff-Appellant, *v.* MARION BONE, Defendant-Appellee.

Fifth District    No. 76-123

Opinion filed November 10, 1976.

Bennett, Willoughby & Latshaw, of Decatur (K. Michael Latshaw, of counsel), for appellant.

John C. Reznick, of Vandalia, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

On August 31, 1965, a decree for divorce was entered between Marion Bone, appellee, and Mary Dowd (the former Mary Bone), appellant. The decree awarded custody of the couple's minor children to appellant. Thereafter, on December 22, 1966, an order modifying the decree was entered which gave custody of the minor children to Marion Bone, appellee. The modifying order of December 22, 1966, was later altered by an order entered on August 19, 1970, which order changed the summer visitation period, specifying that such visitation should commence on the 1st day of August and end on the 21st day of that month each year. It further required that appellant shall return the children to the home of appellee at the termination of such visitation period.

After the termination of the summer visitation on August 21, 1974, the appellant failed to return the minor children to appellee. The appellee filed, on September 9, 1974, a petition for rule to show cause why appellant should not be held in contempt of court for failure to return the children. A hearing was held on November 14, 1974, and the petition was denied. A second petition was filed by appellee about seven months later, and a hearing was held on September 9, 1975.

At the commencement of this second hearing, counsel for the appellant moved to dismiss the petition on the grounds that the issue had been adjudicated at the November 14, 1974, hearing on the prior petition for rule to show cause. The motion was denied. A hearing on the petition followed and appellant was found in willful contempt of court, with the court reserving the imposition of sanctions. Upon this judgment, appellant appeals the denial of her motion to dismiss.

The only issue raised by the parties on this appeal is whether the prior hearing on the petition for rule to show cause is res judicata, thus barring appellee from bringing the second petition. Without reaching this issue however, we are of the opinion that this appeal has been improperly brought and must therefore be dismissed.

While the point is not raised by either side, it is important to determine, for jurisdictional purposes, whether the finding of appellant in contempt of court, without the imposition of sanctions, is an appealable order.

■■  A civil contempt proceeding is reviewable under the provisions of the Civil Practice Act. *People v. Ryan* (1962), 25 Ill. 2d 233, 184 N.E.2d 853; *People v. Gholson* (1952), 412 Ill. 294, 106 N.E.2d 333.

In the case before us, the adjudication of appellant in contempt is a civil contempt, as opposed to a criminal contempt, since the acts of appellant consist in failing to do something (return custody of the children) which she has been ordered by the court to do for the benefit or advantage of another party to the proceeding. (*Wilson v. Prochnow* (1934), 359 Ill. 148, 194 N.E. 146.) Stated another way, the contempt proceeding against

appellant was, in the totality of circumstances, coercive in nature as opposed to punitive in nature, the latter being the essence of criminal contempt. *People v. Marcisz* (1975), 32 Ill. App. 3d 467, 334 N.E.2d 737.

■■ It is a well settled rule of law, except in certain causes, that an order of the court to be appealable must be a final one. (*Flaningam v. Flaningam* (1947), 331 Ill. App. 418, 73 N.E.2d 652.) An order adjudging a person in contempt, but not imposing any punishment, whether by fine or imprisonment is not final for purposes of review and hence not appealable. (*Flaningam v. Flaningam* (1947), 331 Ill. App. 418, 420, 73 N.E.2d 652; *Henry v. Waz* (1976), 35 Ill. App. 3d 752, 754, 342 N.E.2d 433.) In *Flaningam*, the court had before it a factual situation nearly identical to the present case. There, after a hearing on a petition for rule to show cause brought by the former wife, the defendant husband was held in contempt for failure to return custody of their minor children pursuant to a decree of divorce. On review, the court dismissed the appeal as lacking finality since no punishment had been imposed. In *Henry*, a hearing on a petition for rule to show cause arose out of facts quite different from those before this court. After a finding of contempt with no sanctions imposed, the court, on appeal, adhered to the rule set down in *Flaningam* that an adjudication of contempt with no sanctions is not an appealable order.

In this case the trial court expressly reserved the imposition of sanctions although the appellant was adjudged in contempt. The contempt order from that court is therefore not reviewable and we decline to do so. The appeal is dismissed.

Appeal dismissed.

KARNS, P. J., and EBERSPACHER, J., concur.