481 So.2d 940 (1985)
Patrick BLANGY and Pier 66 Company, Appellants,
v.
STATE of Florida, Appellee.
No. 84-1585.
District Court of Appeal of Florida, Fourth District.
December 31, 1985.
Rehearing and Rehearing Denied February 12, 1986.
*941 Kenneth R. Mikos, of Friedrich, Blackwell, Mikos & Ridley, P.A., Fort Lauderdale, for appellant Patrick Blangy.
Davis W. Duke, Jr., and Eugene L. Heinrich, of McCune, Hiaasen, Crum, Ferris & Gardner, P.A., Fort Lauderdale, for appellants Pier 66 Co. and Patrick Blangy.
William G. Paul, Gen. Counsel, Marion R. Froelich, Associate Gen. Counsel, and Charles H. Purdy, Bartlesville, Okl., for Pier 66 Co.
Jim Smith, Atty. Gen., Tallahassee, and Penny H. Brill, Asst. Atty. Gen., West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied February 12, 1986.
LEVY, DAVID L., Associate Judge.
An employee of the Pier 66 Hotel filed a complaint with the state attorney's office alleging that she had been fired because of her employer's dissatisfaction with the length of her jury service. The employee had been summoned for jury duty and was thereafter selected to sit as a member of a jury in a trial that lasted five weeks. Thereafter, the state filed a motion with the court charging Pier 66 and the employee's supervisor, Patrick Blangy, the appellants herein, with having violated section 40.271, Florida Statutes. Thereafter, a trial was held and both defendants (the appellants herein) were found to be in contempt of court.
The appellants argue that the evidence presented at trial was insufficient to sustain a finding of contempt. They also contend that dismissal of an employee because of jury service after the completion of such service may be a civil wrong, but cannot constitute contempt of court. Appellants specifically argue that a trial court loses its jurisdiction and authority to punish someone (through its contempt powers) who has interfered with or intimidated a juror after the juror has completed his jury service. We reject these arguments and affirm the holding of the trial court.
Clearly, a trial judge has the inherent power to enter those orders and to do those things as may be appropriate and necessary to enforce its orders and to conduct its business in a proper manner. The Constitutions of both the United States and the State of Florida contain guarantees of the right to a trial by jury to its citizens in most types of litigation. The court would be completely unable to function if it were not able to provide jurors for those trials.
*942 To allow a juror who has completed his jury service to be thereafter dismissed from his employment solely because of his service on that jury would make a mockery of the court's ability to order jurors to come to court as jurors (with the implied promise to the jurors that they will have the court's protection in shielding them from any reprisals that might be taken against them because of their jury service). The court also has a legitimate interest in making sure that jurors will be available (free from intimidation) to litigants in future trials. Just as deterrence is a legitimate consideration in imposing punishment in a criminal court proceeding, so too may it be considered as a proper tool or factor in a trial court's efforts to deter other employers from intimidating possible future jurors who might be summoned for jury service in connection with cases in the future.
Section 40.271, Florida Statutes, provides as follows:
40.271 Jury service. 
(1) No person summoned to serve on any grand or petit jury in this State, or accepted to serve on any grand or petit jury in this State, shall be dismissed from employment for any cause because of the nature or length of service upon such jury.
(2) Threats of dismissal from employment for any cause, by an employer or his agent to any person summoned for jury service in this State, because of the nature or length of service upon such jury may be deemed a contempt of the court from which the summons issued.
(3) A civil action by the individual who has been dismissed may be brought in the Court of this State for any violation of this section, and said individual shall be entitled to collect not only compensatory damages, but, in addition thereto, punitive damages and reasonable attorney fees for violation of this act.
In addition to the inherent power of the Court, much of which stems from the common law, to protect the Court from acts which obstruct, interrupt, prevent or embarrass the administration of justice, we find that the trial court's holding in this case is also supported by the above statutory language. We reject appellants' contention that section 40.271(2), Florida Statutes, only provides for contempt as a punishment for someone who threatens dismissal from employment, but does not allow for contempt proceedings to be implemented when a dismissal from employment has actually taken place. Such an overly narrow reading of the statute in question does not yield a logical result. To adopt that position would be to say that threatening an employee with dismissal because of service on a jury is punishable by contempt proceedings, but to actually discharge the employee because of jury service is not punishable by contempt and is, therefore, to be tolerated by the courts. In the case at bar, the trial court was eminently correct in reaching a contrary result by finding that the conduct of the appellants herein was committed in violation of section 40.271, Florida Statutes. If a threat of dismissal constitutes a contempt of court, then, obviously, an actual dismissal must also constitute a contempt of court. The trial court clearly recognized this as reflected in the court's conclusion that the wrongful dismissal "has a chilling effect on all citizens called for jury duty... ."
A thorough review of the record clearly demonstrates the existence of sufficient substantial competent evidence to support the findings of the trial court. These findings demonstrate both a logical and appropriate basis for finding that both the corporate and individual (the employee's supervisor) appellants to be in contempt of court. A corporation can only act through its agents. In Re Adams, 421 F. Supp. 1027, 1033 (E.D.Mich. 1976).
The result reached herein is consistent herein with the reasoning used by appellate courts in other states (some with a statute governing this area and some without) which have addressed the issues raised in the instant case. See John Bath & Company, *943 Inc., v. Commonwealth, 348 Mass. 78, 202 N.E.2d 249 (1964) and Kryzak v. Accurate Cast Products, Inc., 39 Ill. App.3d 136, 349 N.E.2d 695 (1976).
Having resolved, on a legal basis, the issues raised in this case, this court cannot help but to recognize the significant realities observed by the trial court so eloquently stated at the end of his order, dated July 6, 1984, wherein he said:
This dismissal ... obstructs, interrupts, prevents and embarrasses the administration of justice by the Court.
I feel that the wrongful dismissal ... not only has a chilling effect on all citizens called for jury duty, but it stabs at the very heart of our system of justice. No juror should have to come to jury duty fearful that his job, his source of income, his very livelihood would be arbitrarily and wrongfully terminated. Victims who have been civilly wronged or criminally injured have a right to expect that justice will prevail by decisions rendered by a fair and impartial jury. Litigants in civil disputes and citizens accused of crimes whose very liberties are at stake should be able to expect and rely upon a fair and impartial jury. Not only is this true, our Constitution mandates it.
Accordingly, as to both appellants herein, the findings of contempt as found and ordered by the trial court are affirmed.
AFFIRMED.
LETTS and HURLEY, JJ., concur.