## John McEwen v. Mary McEwen.

1. ORDER OF COMMITMENT—*What is Not.*—An order lacking the element of directing punishment either by fine or imprisonment is not a final order or judgment of commitment.

2. RECORD—*When It Does Not Purport to Contain All the Evidence.* —The Appellate Court is not warranted in reviewing an order or judgment upon the merits where the transcript of the record does not purport to contain all the evidence upon which the order or judgment is based.

**Memorandum.**—Bill for separate maintenance. Error to reverse an order of commitment. Entered by the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1893, and dismissed. Opinion filed October 15, 1894.

L. H. WHITNEY and M. L. KNIGHT, attorneys for plaintiff in error.

Mr. Presiding Justice Shepard delivered the opinion of the Court.

This was a bill for separate maintenance. The assigned errors attack a supposed order for the payment of temporary alimony, and a supposed judgment, or order, of commitment for a contempt in refusing to comply with the alimony order.

If an order for the payment of alimony was ever entered in the cause it is not shown by the record.

And if any order for the commitment of the plaintiff in error was ever entered in the cause the record does not show it.

The order complained of by counsel for the plaintiff in error, and assigned for error, as being an order of commitment, is as follows:

"It appearing to the court that the defendant is guilty of a contempt of this court for willfully refusing to pay the sum of $120 temporary alimony now due to complainant, Mary McEwen, in the case of Mary McEwen v. John McEwen, now pending in this court, and known as Gen. No. 136,310, under order of January 19, A. D. 1892, it is therefore ordered that an attachment issue against the said John McEwen returnable forthwith."

Such is no final order or judgment of commitment. It is entirely lacking in the element of directing punishment either by fine or imprisonment. The whole force of it is to direct an attachment of the body of the plaintiff in error and bring him into court, there to answer unto and abide by such further order as might be entered by the court for an enforcement of the alimony order. Ex parte Henry Petrie, 38 Ill. 498; see forms in Rapalje on Contempt.

The order is purely interlocutory and not reviewable.

As already said, the order for alimony referred to in the order for attachment nowhere appears in the record.

An order or judgment to be attacked for error must be shown. But even if it were shown we would not be warranted in reviewing it upon the merits, for the reason that the transcript of the record certified to us by the clerk of

the Superior Court does not purport to contain all the evidence upon which the order, if one were made, was based.

The certificate of the clerk is that the transcript is a " copy of a certain bill of complaint, answer, replication, notice, certain motions and all affidavits now on file in my office, and of certain orders made and entered of record in said court," in sa'd cause.

*Non constat* but that the order, if made, was based on evidence other than that furnished by any of the papers referred to in the certificate.

There is before us no final order or judgment that can either be affirmed or reversed, and the writ will, therefore, be dismissed.