Henrietta Bulandr, Appellant, v. Jerry Bulandr,
Appellee.

Gen. No. 47,680.

First District, First Division.
November 16, 1959.
Released for publication December 21, 1959.

Friedman, Friedman, Teed, and Armstrong, of Chicago, for plaintiff-appellant.

John H. Ehardt, of Chicago (Arthur A. Lieberman, of counsel) for defendant-appellee.

JUSTICE SCHWARTZ delivered the opinion of the court.

This case arises on appeal from three post-decree orders concerning child custody and visitation rights, child support and alimony. The original decree gave the mother-plaintiff custody of the minor child, allowed $20 weekly for child support and awarded alimony in gross amounting to $3500, payable at the rate of $22 per week. The father-defendant was granted certain visitation rights.

■ ■ The first question we will consider is that arising on the order that an attachment issue against plaintiff for her failure to appear and show cause why she should not be held in contempt for denying defendant the right of visitation. Plaintiff argues that no notice was personally served on her, as required by the order. Defendant argues that the order is not a final and appealable one. Defendant's position is well taken. No order was entered finding plaintiff guilty of contempt and imposing a penalty. These are the final steps in a contempt proceeding, from which an appeal may be taken. What occurs before these final steps is interlocutory and not appealable. Flaningam v. Flaningam, 331 Ill. App. 418, 73 N.E.2d 652 (1947); McEwen v. McEwen, 55 Ill. App. 340 (1894).

■ The next order complained of suspended payment of the installments on the amount of alimony awarded in gross. Plaintiff contends that this order was a divestiture of a vested right of payment due as a property settlement. The divorce decree provided that plaintiff was to receive certain real and personal property and in addition thereto the sum of $3500 "in full of all her rights to alimony past, present and future," to be paid in weekly installments of $22. It is

301

questionable whether such a provision is subject to modification. However, the court did not modify the order. It merely suspended payments temporarily. The record shows that plaintiff left the state without leaving any address to which payments of alimony could be forwarded. Under those circumstances it was proper for the court to grant defendant a suspension of payments until further order.

■ Plaintiff's final contention is that the court's order of October 2, 1958, should be reversed because temporary custody of the child was awarded to defendant without a hearing and as a penalty for plaintiff's failure to observe visitation rights granted defendant by the divorce decree. The order shows that defendant was present and testified and that plaintiff was represented by counsel. The requirement that a hearing be held in custody proceedings was thus met. Gerst v. Gerst, 349 Ill. App. 201, 110 N.E.2d 470 (1953).

A more serious question arises, however, with regard to the sufficiency of the court's findings necessary to support a change in custody, as here attempted. The order found that plaintiff left the jurisdiction of the court on April 27, 1958, and remained out of the state since that date with the minor child, made other findings with respect to the body attachment and suspension of payments, and then ordered that temporary custody of the child be awarded to defendant until the further order of the court and until a full hearing could be had relative to permanent custody. Nowhere did the court make a finding as to the lack of fitness of plaintiff to retain custody of the child.

■ ■ Courts in Illinois have established the policy that the interests of a child of tender years are better served if his care and custody are entrusted to his mother, provided she is a fit and proper person. Nye v. Nye, 411 Ill. 408, 105 N.E.2d 300 (1952); Dunning v. Dunning, 14 Ill.App.2d 242, 144 N.E.2d 535 (1957);

302

Fountaine v. Fountaine, 9 Ill.App.2d 482, 133 N.E.2d 532 (1956). The Appellate court, in Thomas v. Thomas, 233 Ill. App. 488 (1925) stated the rule regarding change of custody thus (at p. 493):

"A decree fixing the custody of a child is final on the conditions then existing and should not be changed afterwards unless on altered conditions since the decree, or on material facts existing at the time of the decree but unknown to the court, and *then only for the welfare of the child.*" (Emphasis supplied.)

The court indicated that the changed conditions necessary are those which bear upon the fitness of the custodial parent. To the same effect are Nye v. Nye, supra; Dunning v. Dunning, supra; Wade v. Wade, 345 Ill. App. 170, 102 N.E.2d 356 (1951); and Maupin v. Maupin, 339 Ill. App. 484, 90 N.E.2d 234 (1950).

 Unfitness does not follow conclusively from a failure to comply with rights of visitation or other orders which may be entered in a divorce proceeding. Nor can the child be used as a basis for punishing the contumacy of a party in a contempt proceeding, as appears to have been the case here. Nothing short of a hearing relating to unfitness and the interests of the child and a finding thereon is adequate support for an order changing custody. A child's welfare is at stake, and nothing is more injurious to that welfare than to have the child shuttled between contesting parents.

The order awarding custody of the child to defendant is reversed and the cause is remanded with directions to take such further proceedings as are not inconsistent with the views herein expressed. The other orders are affirmed.

Affirmed in part, reversed in part, and cause remanded with directions.

DEMPSEY, P.J. and McCORMICK, J., concur.