Donald L. Laughlin, Plaintiff-Appellee, v. Mary S. Laughlin, Now Known as Mary Tiedt, Defendant-Appellant.

Gen. No. 51,728.

First District, First Division.

June 24, 1968.

Rehearing denied July 22, 1968.

Master and Sands, of Chicago (Jay A. Canel and Erwin I. Katz, of counsel), for appellant.

Sherman & Lewis, of Chicago (Maurice L. Lewis and Irving S. Abrams, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

This is an appeal from a post decree order modifying the custody provisions of a decree of divorce. The parties to this litigation were divorced on September 5, 1962. The decree of divorce found the mother to be a fit person to have the care, custody, control and education of the three minor children, two girls then aged 10 and 5 years, and a boy aged 8. On March 22, 1966, plaintiff, the father of the children, petitioned the court seeking a change of custody to himself. Plaintiff has remarried, currently earns $12,000 per year and lives in a Lake Shore Drive apartment. His wife, who is 22 years old, has indicated a desire to care for and rear her husband's children. They have no children of their own.

Plaintiff alleged in his petition for post decree relief that since the divorce, defendant has been guilty of misconduct and is no longer a fit and proper person to have the care and custody of their minor children. He further

alleged that she had given birth to a child out of wedlock; that she rented two homes posing as a wife of men to whom she was not married; that she is an habitual drunkard; that she consorted with various male persons and has been arrested for disorderly conduct and battery; that the children have been left alone and unattended; and that the children's school record showed absence and tardiness.

The defendant in her answer denied all of plaintiff's allegations and stated that on one occasion, when she asked her landlord to take care of the children, the landlord called the police complaining that the defendant had abandoned them. The defendant explained further in her answer that the school absences were caused by illness of the children and denied the tardiness.

The trial court, after hearing the evidence, entered a decree finding that the plaintiff had proven the material allegations of the petition and ordered the care, custody and control of the three children to be awarded to him.

Defendant claims that the order changing custody is contrary to law and against the manifest weight of the evidence in that the plaintiff failed to show that there were any changes in circumstances since the date of the decree, which adversely affected the welfare of the minor children.

The conduct of the defendant after the decree of divorce was not commendable. Many divorces create difficulties for the principals involved, but often far greater problems are created for their children who frequently are the innocent victims of the mistakes of their parents. This court is mindful of the difficulties faced by a divorced mother who, often with an inadequate income, has the burden of taking care of the children.

■■■■ In a custodial contest, the paramount question for the court to decide is the welfare of the children. As stated in Hirth v. Hirth, 59 Ill App2d 240, 207 NE2d 114 (1965):

"The award of custody in the decree for divorce was predicated upon the plaintiff being a fit and proper person to have the custody of the children. In a hearing for modification, the court could not change the award provisions of the decree unless conditions had arisen to make it necessary for the welfare of the children that the custody be changed. In all matters concerning the custody of the child, the paramount issue is the welfare of the child. The fact of changed conditions is not sufficient to warrant modification of the custody provisions of the decree for divorce, unless such changed conditions affect the welfare of the child." (Pp 243, 244.)

In Arden v. Arden, 25 Ill App2d 181, 166 NE2d 111 (1960), the court said:

"(S)ince the decree of divorce is res adjudicata as to the fitness of the plaintiff at the time of the decree, there must be convincing proof that the fitness of the plaintiff to have the custody of the child has so materially changed, as to affect the welfare of the child. We do not find such proof in the record. This court recognizes the well grounded principle of law that as to questions of fact, the decisions of the chancellor should not be overruled by a reviewing court, unless clearly and palpably erroneous, or where the decision is against the manifest weight of the evidence. But in this case, assuming the decision of the trial court was correct on the factual question of misconduct, yet as a matter of law, there was not such evidence of changed conditions on the part of the plaintiff that affected the welfare of the child, to justify the change of custody." (Citations omitted.)

There is evidence of past indiscretions by the mother, but these occurred before her remarriage and no claim

was made by the father, during that period of time, that she was unfit to have custody of the children, although he had knowledge of the facts. The incidents complained of since her remarriage are palpably insufficient to prove that she is unfit to care for her children.

██ The testimony presented before the trial court shows that defendant is remarried and has established a home for her children. An impartial report of the Cook County Department of Public Aid shows that the children have a good relationship with her and her second husband. The older daughter expressed a preference to remain with her mother. While there is some conflict in the evidence, we feel that the proof was insufficient to sustain the conclusion that defendant was an unfit mother.

As was said in Nye v. Nye, 411 Ill 408, 105 NE2d 300 (1952):

> "This judgment, however, is binding only in relation to the case here presented, and effects no prejudice to defendant's right to question the propriety of the custody decree should grounds therefor arise hereafter."

The judgment of the Circuit Court of Cook County is reversed.

Judgment reversed.

BURMAN, P. J. and MURPHY, J., concur.