Accursia Rita Norris, Plaintiff-Appellee, v. James Miller Norris, Defendant-Appellant.

Gen. No. 54,066.

First District, First Division.

February 26, 1970.

Ralph Jonas, of Chicago (Marks, Marks and Kaplan, of counsel), for appellant.

Gomberg, Missner & Schaps, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

This cause is here to review an order entered in divorce proceedings remanding the custody of the minor child to the mother.

The record reveals that on February 10, 1964, a decree of divorce was entered which provided, among other things, that custody of Andria Jane Norris, the minor child of the parties, who was then four years old, be awarded to plaintiff, the mother, and ordered the defendant father to pay $20 per week for the support of the child. The question of alimony was reserved. On June 23, 1967, plaintiff filed a petition seeking a rule to show cause for defendant's alleged arrearage of support. She further averred that her doctor recommended

that she and her daughter move to California because of certain ailments and prayed for permission to remove the minor child to California. In his answer, the defendant denied that he was in arrears in support payments, denied that the child needed a change in climate and alleged that he was advised that plaintiff intended to move to California. He prayed that an order be entered prohibiting her from removing the child from the jurisdiction of the court. On the same date, the defendant also filed a cross-petition for a change of custody. He alleged therein that the plaintiff did not adequately care for the child, that he was remarried and that in the best interest of the child, custody should be given to him.

Subsequently, there were numerous court appearances and various orders entered by Judge Eiger. On November 28, 1967, the defendant filed a verified petition in which he alleged that the contested matters had been continued sine die by agreement of the parties in order to attempt to amicably adjust their differences. He further alleged that when he attempted to see plaintiff on October 6, 1967, he found that she had vacated her premises and had disappeared in direct violation of his rights of visitation with his daughter. Defendant prayed that plaintiff be held in contempt of court and that custody of the child be awarded to him.

An amended decree was entered by Judge Eiger on November 28, 1967, in which he found that plaintiff had fled the jurisdiction of the court and was concealing the minor child from the defendant in violation of the order of the court. It was ordered that the request of the plaintiff to remove the child from this jurisdiction be denied; that the defendant be awarded sole custody of the child, and that plaintiff was in contempt of court for her wilful disobedience of the orders of the court. Plaintiff was not present when evidence was taken and this decree was entered.

On March 1, 1968, an order was entered giving plaintiff leave to file a petition for a change of custody. In the verified petition, plaintiff alleged that defendant told her, prior to the entry of the November 28, 1967 decree, that he would have no objection if she moved to California for an experimental period of three months to determine whether the climatic conditions of California would benefit the child. She also alleged that, unknown to her, custody of the child was given to the defendant on November 28th and that on December 23rd, the defendant kidnapped the child in California and removed her to his home in Woodstock, Illinois. She further averred that she was a fit and proper person to have custody of the minor child and she prayed that custody be restored to her.

In his answer to the petition, the defendant alleged that after protracted investigation, he learned that plaintiff had removed the child to California and that he at no time gave her permission to do so. He averred that pursuant to advice, he went to California, took custody of the child and returned with her to Illinois. Defendant further alleged that plaintiff had raised no facts in her petition which would constitute changed circumstances sufficient to justify a modification of the child custody given to him.

After hearing extended testimony, Judge Eiger entered an order on March 11, 1969, in which he vacated the order of November 28, 1967, and restored custody of the minor child, Andria, to the mother. The order further provided that the child reside with the father until the close of the school term on June 1, 1969, and then be returned to plaintiff at that time. It is from this order that defendant has appealed.

The defendant contends (1) that the decree of November 28, 1967, was a final appealable order and may not now be collaterally attacked; (2) that if plaintiff's petition is considered as a section 72 petition, it is insuffi-

cient in that she does not allege due diligence in preventing the entry of the November 28th decree as required by that section; (3) that if plaintiff is seeking to modify the decree, she does not allege any changed circumstances affecting the fitness of the custodial parent which occurred subsequent to the entry of the November 28th decree and which would justify a modification of that decree and (4) the best interests of the child will be best served by defendant's retaining custody.

The order of November 28, 1967, changing custody to the defendant, recites that plaintiff's conduct was in direct violation of court orders, particularly with regard to the visitation rights of the father by removing the child from this jurisdiction. At the conclusion of the evidence, and after hearing argument of counsel upon plaintiff's petition for a change of custody, the court stated that plaintiff's action in taking the child out of the state without the court's permission, was a contemptuous act. He explained that when he entered the order of November 28th in which custody of the child was taken from the mother, he did not have an opportunity to hear from her, and it was his feeling that taking custody from her would bring her back to Illinois, as it did. The trial judge emphasized that he changed custody on November 28, 1967, because plaintiff had left the jurisdiction. However, the judge stated that after hearing from both parents he felt that the child should be with her mother.

■ ■ Under the divorce decree, the mother had been awarded the sole custody of the minor child with rights of visitation by the father. Every presumption is indulged in the validity of the decree, and if its provisions are to be changed, the burden of proof is on the moving party to show why a change should be made. After the divorce decree, the court may, upon applica-

tion, "make such alterations in . . . the custody . . . of the children, as shall appear reasonable and proper . . ." Ill Rev Stats 1967, c 40, § 19. New and changed conditions must arise to warrant the court in changing its prior custody. Nye v. Nye, 411 Ill 408, 105 NE2d 300.

▓▓▓ The trial judge who removed the custody of the child from the mother stated, after the entry of the decree, that he did so in order to force the mother to return to the jurisdiction with her daughter. At the hearing on her petition to regain custody, he stated that his action had been improper. "I don't think a court would have had the right or the power to remove the custody of this child from the mother to the father. The facts and circumstances certainly would not have warranted that kind of a determination." We agree. It has been repeatedly held in Illinois, that the removal of the child from the jurisdiction is not alone sufficient grounds for a change of custody. See Jingling v. Trtanj, 99 Ill App2d 64, 71, 241 NE2d 39, 43, and cases cited therein. To do so would be not only to punish the mother for her past misconduct, but more importantly would punish the child by denying her a mother's care and guidance. It is not the purpose of this court, nor of any court, to so punish an innocent child. The guiding star is and must be, at all times, the best interest of the child. Nye v. Nye, 411 Ill 408, 105 NE2d 300. The order changing custody entered for that reason was, therefore, improper, and we find no other basis in the record to sustain it. Since the order was improper, no change of circumstances was necessary before the trial judge could alter it, and it was not an abuse of his discretion for him to vacate the order as he did after he had heard from all the parties.

▓▓▓ We find no merit to the defendant's contentions that this was an improper collateral attack or an insuf-

ficient section 72 petition. As we stated in Szczawinski v. Szczawinski, 37 Ill App2d 350, 185 NE2d 375, it is the policy of courts of review to recognize a broad discretion in a chancellor called upon to award custody of children.

> [U]nfitness does not follow conclusively from a failure to comply with rights of visitation or other orders which may be entered in a divorce proceeding. Nor can the child be used as a basis for punishing the contumacy of a party in a contempt proceeding, as appears to have been the case here. Nothing short of a hearing relating to unfitness and the interests of the child and a finding thereon is adequate support for an order changing custody. Bulandr v. Bulandr, 23 Ill App2d 299, 303, 162 NE2d 585, 587.

We do not condone the conduct of the plaintiff. A disregard of the orders of the court should not be countenanced or permitted. It is our observation, however, from a review of the record that the court recognized that he improperly entered the order of November 28, 1967. After an extensive hearing and much testimony offered on behalf of the parties and after considering the best interests of the child, the court found that the mother is a fit and proper person to have the custody of the child and so ordered. We believe the record supports this finding.

For the reasons stated, the judgment of the Circuit Court is affirmed.

Affirmed.

MURPHY and ADESKO, JJ., concur.