GLORIA MATHEY, Plaintiff-Appellee, *v.* RICHARD MATHEY, Defendant-Appellant.

(No. 71-3;

Second District—October 15, 1971.

*Rehearing denied November 12, 1971.*

O'Brien, Burnell, Puckett & Barnett, of Aurora, (Peter K. Wilson, Jr., and Donald L. Puckett, of counsel,) for appellant.

Rodney A. Wright, of De Kalb, for appellee.

Mr. PRESIDING JUSTICE MORAN delivered the opinion of the court:

The defendant appeals from an order modifying the divorce decree, and granting custody of the minor child of the parties to the plaintiff.

The sole issue on appeal is whether removing the child from Illinois to Wisconsin was sufficient grounds for revoking defendant's custody.

The parties were divorced on July 5, 1968. The decree incorporated the written agreement between the parties which granted the defendant the sole care and custody of the child and also gave the plaintiff visitation rights.

Since the divorce, both parents have remarried. In 1970, the defendant desired to relocate his business of contract painting to Menomonee,

Wisconsin, approximately 300 miles from the then present homes of the parties. In July, he rented living quarters in that city for his family. Beginning in June, the defendant made various attempts to obtain the consent of the plaintiff to permit the child to move with him. The negotiations were inconclusive. However, both parties testified that on September 10th, the plaintiff first told defendant that she would definitely not allow him to take the child. Up to that time, the child had remained in Illinois, even though he missed two weeks of school while negotiations were pending.

Thereafter, defendant took the child to Wisconsin, and on September 14, 1970, filed a petition to modify the divorce decree to allow the move. The plaintiff countered with a petition requesting that custody of the child be awarded to her.

A hearing was held on the petitions, and an order granting custody to the plaintiff was entered. The court found both parents to be fit and proper persons to have custody of the child and further found "that there has been a substantial change in circumstances affecting the welfare of said minor child in that defendant, without first having obtained leave of court or agreement with plaintiff, removed said child without the State of Illinois * * * thereby effectively foreclosing plaintiff's visitation rights * * *"

■■ The well established rule in Illinois is that all questions of custody are determined according to the welfare and best interests of the child. (*Nye v. Nye* (1952), 411 Ill. 408, 415; *People ex rel. Morris v. Morris* (1969), 44 Ill.2d 66, 68.) A material change in circumstances, which occurs after entry of a decree granting custody, may be sufficient basis to change custody. However, the court may not change custody unless the altered conditions are of such a nature that a change is necessary for the welfare of the child. *Nye v. Nye, supra,* 416; *Hirth v. Hirth* (1965), 59 Ill.App.2d 240, 243; *Laughlin v. Laughlin* (1968), 97 Ill.App.2d 480, 483; *Jayroe v. Jayroe* (1965), 58 Ill.App.2d 79, 82.

■■ In the present case, the only change in circumstances found by the trial court was the relocation of the defendant without first obtaining leave of court. This, in and of itself, was not sufficient grounds for revoking defendant's custody. See, *Jingling v. Trtanj* (1968), 99 Ill.App. 2d 64, 71; *Norris v. Norris* (1970), 121 Ill.App.2d 226, 231, and *Dokos v. Dokos* (1967), 88 Ill.App.2d 330, 334.

The order therefore must be reversed and the case is remanded for further proceedings consistent with the views herein expressed.

Reversed and remanded.

SEIDENFELD and GUILD, JJ., concur.