*In re* CUSTODY OF MELINDA POTTS *et al.*—(DENNIS J. POTTS, Petitioner-Appellee, *v.* CYNTHIA C. POTTS, Respondent-Appellant.)

First District (5th Division)   Nos. 79-208, 79-243 cons.

Opinion filed April 18, 1980.

James J. Reagan, of Northbrook (Scott E. Jensen, of counsel), for appellant.

Kaufman and Litwin, Ltd., of Chicago (Caryl A. Jacobs, of counsel), for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Respondent, appealing from an order granting permanent custody of two minor children to petitioner, Dennis Potts, contends the trial court erred (1) in granting permanent custody to petitioner; and (2) in denying her petitions (a) to require petitioner to pay child support arrearages and set child support, and (b) to impose sanctions on petitioner for failure to comply with discovery.

It appears that the parties were divorced in 1974 and, pursuant to an agreement, they were awarded "joint custody" of their three minor children (Brian, Melinda and Michael). The children were to physically reside with respondent, except for a few weeks during the year when they were to reside with petitioner. The decree required petitioner to make child support payments.

On January 25, 1977, an order was entered finding petitioner to be $8,370 in child support arrearage and requiring him to resume payments. On June 2, 1977, the court abated his support payments because his employment had been involuntarily terminated. That order was vacated on September 28, 1978, but on November 6, 1978, support payments were again abated with a finding that petitioner was destitute.

The record also discloses that respondent had been obtaining training

through a CETA program for a drafting position and, when she secured employment in Kansas, she filed a petition to remove Melinda and Michael—who were still in her physical custody.[1] Petitioner then sent a notice for the deposition of respondent, who failed to appear at the designated time and place, having left for Kansas with the two children before any hearing was held on her petition to remove them. Petitioner then moved for temporary custody of Melinda and Michael and for sanctions under Supreme Court Rule 219(c) (Ill. Rev. Stat. 1977, ch. 110A, par. 219(c)) for the failure of respondent to comply with discovery. A hearing was held on both motions, but respondent did not appear or bring the children, and the trial court entered an order on December 5, 1978, denying her petition for their removal with prejudice and granting petitioner their temporary custody.

It also appears that respondent secured an ex parte order for temporary custody of Melinda and Michael in a Kansas court on December 15, 1978, pending a hearing on her request there for permanent custody. On December 22, 1978, petitioner sought permanent custody in the instant proceedings on the grounds that respondent had removed the two children from the jurisdiction without permission of the court and had earlier failed to comply with a discovery request. On January 15, 1979, respondent sent petitioner a notice to appear for a deposition, which he failed to do. Then, on January 30, respondent filed three additional petitions—(1) renewing her request to remove the children; (2) for sanctions under Rule 219(c) because of petitioner's failure to appear for his deposition; and (3) for payment of the $8,370 arrearage and a request that the court again set support. That same day, an order was entered setting a hearing on all matters for February 9 and directing respondent to appear in court on the set date with the two children.

The hearing was held as scheduled with respondent's counsel present, but she failed to appear with the children as directed. At the hearing, two persons in the CETA program testified essentially that respondent would have no difficulty in securing an entry-level drafting job in the Chicago metropolitan area. One of these witnesses was her program counselor, and he testified that respondent "stated several times that she would * * * like to be employed out of the state or somewhere away from the Chicago area"; and that "[s]he was having a dispute with her husband, and I guess she wanted to go to a place where he would not be able to find her." At the conclusion of the hearing on February 9, 1979, the trial court entered an order granting petitioner permanent custody of Melinda and Michael and denying respondent's three petitions. A timely notice of appeal was filed from that order.

---

[1] An order had been entered on April 19, 1978, transferring the physical custody of Brian to petitioner, and his custody is not involved in this appeal.

OPINION

Respondent stated at the oral arguments of this case that she is pursuing an appeal only from the February 9, 1979, order, in which the trial court "awarded" "permanent custody" to petitioner and denied respondent's petitions for payment of arrearages, to set support, for sanctions against petitioner because of his failure to comply with discovery, and to remove the children.

She first challenges that part of the order in which "permanent custody" was "awarded to" petitioner. Initially, we note that the parties disagree as to the nature of this portion of the order. Petitioner contends that the use of the word "custody" in the order was a misnomer and that the trial court in substance intended that joint custody should stand, but merely altered the "physical possession" and visitation rights concerning the children. Respondent, on the other hand, posits that the order in fact altered legal custody. We agree with respondent. This pleading of petitioner, upon which the order appealed from was entered, was entitled, "Petition for Permanent Custody and Other Relief" and, in the prayer for relief, there was a request "[t]hat the petitioner * * * be awarded the permanent custody of the minor children." At the hearing, the trial judge instructed petitioner's counsel to "[p]resent an order granting custody to the father" and later reiterated, "custody to the father." Further, the judgment order clearly provides "[t]hat the permanent custody of the parties' minor children Melinda and Michael Potts is hereby awarded to Dennis Potts." We find no indication in the record that either the parties or the trial court intended, as urged by petitioner, that only "physical possession" and visitation rights were affected and, in light thereof, we view the order as awarding permanent custody to petitioner.

Respondent contends, then, that the trial court erred in this award of custody. Modification of custody is governed by section 610 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 610), which provides in relevant part:

"(b) The court shall not modify a prior custody judgment unless it finds, upon the basis of facts that have arisen since the prior judgment or that were unknown to the court at the time of entry of the prior judgment, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interest of the child. In applying these standards the court shall retain the custodian appointed pursuant to the prior judgment unless:

(1) the custodian agrees to the modification;

(2) the child has been integrated into the family of the petitioner with the consent of the custodian; or

(3) the child's present environment endangers seriously his physical, mental, moral or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him."

Respondent asserts that there were insufficient facts presented to the court to support any change in custody under the above statute. We agree.

■■ While respondent's removal of the children to Kansas without the permission of the court cannot be condoned, "[i]t has been repeatedly held in Illinois, that the removal of the child from the jurisdiction is not alone sufficient grounds for a change of custody." (*Norris v. Norris* (1970), 121 Ill. App. 2d 226, 231, 257 N.E.2d 545, 547; also see *Jingling v. Trtanj* (1968), 99 Ill. App. 2d 64, 241 N.E.2d 39; *Bulandr v. Bulandr* (1959), 23 Ill. App. 2d 299, 162 N.E.2d 585.) We recognize that the taking of the children where respondent could not visit with them improperly deprives them of the care and affection of their father; however, we do not see how this wrong is remedied here by the order in question, which deprived the children of the care and affection of their mother. Likewise, no explanation was offered as to how respondent's failure to appear in court or respond to a notice of deposition would indicate a change in circumstances as would "seriously endanger [the children's] physical, mental, moral or emotional health." Further, we find it difficult to believe that it was in the children's best interests to award their custody to petitioner, who had been found to be destitute and unable to make support payments. In light of the above, we have no choice but to conclude that the record presents insufficient grounds upon which to sustain a change in custody under section 610.

We note, however, that on September 11, 1979 (after the trial court entered the change of custody order), the Uniform Child Custody Jurisdiction Act (Pub. Act 81-541) was signed into law in Illinois. Section 12 of that Act governs the notice to be given parties in a pending custody proceeding, and subsection (b) in particular states:

"(b) If a party to the proceeding whose presence is desired by the court is outside this State with or without the child the court may order that the notice given [to the out-of-state party] include a statement directing that party to appear personally with or without the child and declaring that failure to appear may result in a decision adverse to that party."

In addition, we are cognizant that stability of environment is an important factor in determining what is in the best interest of a child (*De Franco v. De Franco* (1978), 67 Ill. App. 3d 760, 384 N.E.2d 997; *Rippon v. Rippon* (1978), 64 Ill. App. 3d 465, 381 N.E.2d 70), and that "[n]othing is more injurious to the welfare of the child than to have it shuttled between contesting parents" (*Dokos v. Dokos* (1967), 88 Ill. App. 2d 330, 334, 232

N.E.2d 508, 511; also see *Bulandr v. Bulandr*). In this light, we believe the award of permanent custody to petitioner should be vacated and the cause remanded for further proceedings consistent with the recently enacted Child Custody Jurisdiction Act and section 610 of the Marriage and Dissolution of Marriage Act, to determine the custody arrangement which would serve the best interests of the children.

■■ We see no merit in respondent's contention that the trial court erred in denying her petition requesting payment of arrearages and to again set child support. While past due payments for child support are a vested right (*In re Estate of Neirinck* (1978), 62 Ill. App. 3d 189, 379 N.E.2d 356; *Voss v. Voss* (1974), 23 Ill. App. 3d 312, 319 N.E.2d 72; 16A Ill. L. & Prac. *Divorce* §247 (1971)), respondent in her petition here asked only for the payment of arrearage and the resumption of child support. We note, however, that on November 6, 1978, an order was entered abating support payments and finding petitioner destitute. This order had never been vacated and respondent has made no showing as to petitioner's ability to pay. In view thereof, the petition was properly denied.

■■ We turn then to the contention of respondent that the trial court erred in denying her petition for sanctions for failure of petitioner to respond to her deposition notice of January 15, 1979. Petitioner asserts that the denial was proper, because respondent had failed to appear pursuant to his prior notice for her deposition and, in support, he cites the "priority rule" of Illinois Supreme Court Rule 201(e) (Ill. Rev. Stat. 1977, ch. 110A, par. 201(e)):

> "(e) Sequence of Discovery. Unless otherwise ordered, depositions and other discovery procedures shall be conducted in the sequence in which they are noticed or otherwise initiated."

We note, however, that this provision was not in effect at the time of the notices in question, as it had been modified as of November 1, 1978, to read as follows:

> "(e) Sequence of Discovery. Unless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, shall not operate to delay any other party's discovery."

In any event, the imposition of sanctions under Rule 219(c) (Ill. Rev. Stat. 1977, ch. 110A, par. 219(c)) is within the trial court's discretion and, in view of respondent's failure to attend the hearing on her own petitions, we see no abuse of discretion in the denial of her request for sanctions against petitioner.

■■■ Lastly, while respondent has appealed the denial of her renewed petition for removal, she has waived this issue by not raising it in her brief.

(*People v. Martin* (1978), 59 Ill. App. 3d 785, 376 N.E.2d 65.) We point out, however, that the trial court was justified in denying the petition. Under Supreme Court Rule 204(a)(3) (Ill. Rev. Stat. 1977, ch. 110A, par. 204(a)(3)), respondent was required to appear pursuant to petitioner's notice of deposition after respondent had filed her original petition for removal. She gave no reason for her failure to appear and, with respect to such noncompliance, Rule 219 provides in pertinent part:

> "(c) Failure to Comply with Order or Rules. If a party, or any person at the instance of or in collusion with a party, unreasonably refuses to comply with any provision of Rules 201 through 218, or fails to comply with any order entered under these rules, the court, on motion, may enter, in addition to remedies elsewhere specifically provided, such orders as are just, including, among others, the following:
>
> * * *
>
> (iii) that he be debarred from maintaining any particular claim, counterclaim, third-party complaint, or defense relating to that issue." (Ill. Rev. Stat. 1977, ch. 110A, par. 219(c).)

Thus, we think it is clear that the trial court was authorized to deny respondent's renewed petition for removal since she had failed to comply with petitioner's notice of deposition which related to the original removal petition.

For the reasons stated, we affirm those portions of the order appealed from which denied the petitions of respondent to require petitioner to pay child support arrearages and to resume support payments, to impose sanctions on petitioner for failure to comply with discovery, and to remove the children from this State. We reverse that portion of the order which granted permanent custody of the children to petitioner, and we remand for further proceedings consistent with this opinion.

Affirmed in part.

Reversed in part.

Remanded for further proceedings.

LORENZ and MEJDA, JJ., concur.