*In re* MARRIAGE OF DIANNE FELICIANO, a/k/a Dianne Chudzik, Petitioner and Counterrespondent-Appellee, and CRISPULO A. FELICIANO, Respondent and Counterpetitioner-Appellant.

First District (1st Division)    No. 81-1802

Opinion filed December 28, 1981.

Peter F. Geraci, of Chicago, for appellant.

Schiller & DuCanto, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

The wife, Dianne Feliciano Chudzik, filed petitions seeking leave of court to remove the minor child of the parties to Tennessee, a rule to show cause because the husband, Crispulo A. Feliciano, failed to make child-support payments and a request for attorneys' fees in prosecuting the foregoing. The husband filed petitions seeking modification of the custody provisions of the judgment of dissolution of marriage and seeking an abatement of child support and for a rule to show cause because the wife removed the child from the jurisdiction without leave of court. The trial court granted the wife leave to remove the child to Tennessee, denied her rule to show cause, ordered the husband to pay the child-support arrearages and awarded her attorneys' fees. The trial court denied the husband's petitions and rule to show cause and modified the husband's visitation privileges.

On appeal, the husband contends that: (1) the trial court abused its discretion in refusing to permit the husband's attorney to question the wife's former attorney and by refusing to allow the wife to be questioned about her notification of leaving the jurisdiction; (2) the trial court erred in refusing to abate child support during the time the husband contends that he did not know the whereabouts of the wife; (3) the court abused its discretion by reducing the husband's visitation privileges, by requiring him to pay for the child's transportation to Tennessee, by ordering him to pay the wife's attorneys' fees and by denying the husband's petition for a rule to show cause and fees and costs; and (4) the court erred in granting the wife's petition for removal and denying the husband's petition for modification of the custody provisions of the judgment of the dissolution of marriage. For the reasons set forth herein, we affirm.

The parties were married in 1970 and had one child, a son, who was born in March 1975. On December 6, 1976, a judgment of dissolution of marriage was entered, which judgment awarded the sole care, custody, control and education of the minor child of the parties to the wife. The judgment also ordered the husband to pay to the wife, as and for child support, $35 per week. In May 1977, the wife married John Chudzik who was employed as a truck driver. In February 1979, Chudzik was laid off and commenced receiving unemployment compensation. In September 1979, Chudzik, the wife and the minor child went to Tennessee to visit the wife's parents. During the time they were in Tennessee, Chudzik looked

for employment because he had been unable to locate work in the Chicago area. After returning to Illinois, Chudzik received a job offer as a truck driver from a firm in Tennessee. In October 1979, Chudzik, the wife and the minor child moved to Tennessee to reside there on a permanent basis. The wife testified that, upon moving to Tennessee, Chudzik was able to secure employment, they were able to purchase a home which would not have been possible had they remained in Illinois and the health of the child had improved. She also stated that she and Chudzik have one other child. She further stated that she notified the husband by mail of her move to Tennessee, although the husband denied receiving such information.

At the time the wife moved to Tennessee, the husband was $140 in arrears for child support. In January 1979, the wife had filed a petition for a rule to show cause because the husband was in arrears for child support. The circuit court entered an order finding that $840 was past due for child support. After the wife moved to Tennessee, the husband stopped making payments for child support. The husband claimed that he did not make the payments because he did not know the whereabouts of the wife and minor child.

In April 1980, the husband filed a petition seeking to modify the custody provisions of the parties' judgment of dissolution of marriage. In this petition, the husband alleged that the wife had removed the child to Tennessee without providing him with a new address and claimed that the wife was hiding the child because the husband did not agree to reduced visitation with the child. The husband sent the notice of motion concerning his petition to modify to the wife's former address, although he was aware that she no longer resided at the address. In an *ex parte* proceeding, the court ordered that custody of the child be changed to the husband. Subsequently, the husband used this court order as a basis for a Tennessee *habeas corpus* proceeding against the wife and Chudzik. Pursuant to the Tennessee court's order, the parties agreed to return to Illinois, to vacate the order changing custody of the child and to litigate the issue of the child's removal to Tennessee.

In November 1980, the wife filed her petitions for leave to remove the minor child to Tennessee and for a rule to show cause based upon the husband's failure to make child support payments. The wife also sought payment of attorneys' fees to cover these post-decree matters. In February 1981, the wife filed an emergency amendment to her petition for a rule to show cause because the husband was an additional $280 in arrears for child support. In February 1981, the husband filed his petition for modification of the child support provisions of the judgment of dissolution of marriage and his petition for a rule to show cause because of her removal of the child to Tennessee. During the hearing on the matter, the

husband filed his petition seeking to abate child support from the time the wife moved to Tennessee to the date of this petition. At the time of the hearing, the parties stipulated that the arrearage for child support was $1,890.

In June 1981, after the conclusion of the hearings on the various petitions, the court entered an order which granted the wife leave to remove the minor child to Tennessee, entered judgment in the amount of $1,890 against the husband for child support arrearages and awarded the wife's attorneys $500 for fees. The order denied the wife's and husband's petitions for a rule to show cause, and denied the husband's petition to abate child support and petition to modify the custody provisions of the judgment of dissolution of marriage. The court's order also set forth a schedule for the husband's visitation with the minor child, required the wife to pay the cost of transporting the child to Chicago during the summer and Christmas vacations and required the husband to bear the costs of transportation for the return of the child to Tennessee after those visitations.

The husband first argues that the trial court committed reversible error by its refusal to permit the husband to examine the wife's former attorney and by refusing to permit the examination of the wife about her notification of leaving Illinois. The husband contends that the purpose of questioning the wife's former attorney was to impeach the testimony of the wife concerning her notification of her former attorney that she was leaving Illinois and that she provided him with her new address. The husband argues that an affidavit from the former attorney exists and concerns, in part, conversations between the attorney and the husband's attorneys. He contends that the communications between attorneys are not privileged communications. (See *Roberts v. Metropolitan Life Insurance Co.* (7th Cir. 1938), 94 F.2d 277, *cert. denied* (1938), 303 U.S. 660, 82 L. Ed. 1119, 58 S. Ct. 764, and 304 U.S. 570, 82 L. Ed. 1535, 58 S. Ct. 1039.) He claims that the affidavit requested the wife's former attorney to admit or deny whether the mother was planning to leave the jurisdiction and what the wife had requested her former attorney to tell the husband's attorney. The husband argues that the wife waived whatever privilege may have existed by her conduct. The husband argues that by instructing her former lawyer to communicate a fabrication to her husband's attorney and by having the husband rely on this fabrication, she has implicitly waived the attorney-client privilege.

The wife contends that the entire line of questioning concerning her communication with her former attorney is irrelevant and immaterial since the communication supposedly occurred in January 1980, and the wife had moved to Tennessee in October 1979. She contends that this communication could not have any probative value. She argues that she

was never asked during the hearing whether she had any communication with her former attorney and that, therefore, there was no statement of hers which could be impeached by her attorney's testimony. Further, the wife urges that it is improper to refer to an affidavit which is *de hors* the record and that any references to this affidavit should be disregarded. She claims that any communications between herself and her attorney are privileged and can only be waived by her. The wife argues that even if such testimony had been admitted, there would be no change in the outcome of the court's decision and that, therefore, any error which might exist would be harmless error.

■■ We believe that the trial court properly refused to permit questioning of the wife or her attorney about the communications between the two. The wife's former attorney testified that he had sent a letter to her at a Melrose Park, Illinois, address in January 1980. The former attorney testified that he did not have any other address for the wife at that time. The husband's contention that the wife instructed her former attorney to transmit a fabrication concerning her new address to the husband's attorney at or about the time she moved to Tennessee appears to be contradicted by the former attorney's testimony. In addition, it was proper for the trial court to refuse to allow the husband to inquire into the nature of those communications because those communications between the wife and her former attorney may be privileged communications (see *Groak v. Groak* (1965), 64 Ill. App. 2d 439, 212 N.E.2d 139), and the expected response, if any, was not necessary to the disposition of the matter in dispute before the court.

The husband next argues that the trial court erred in refusing to abate child support payments for the time during which he claims that he did not know the whereabouts of the wife and child. The husband concedes that case law establishes that child support is a vested right of the child, although he urges that courts have applied this principle only where there has been a unilateral termination or a purported agreement to terminate child support. (See *Hoos v. Hoos* (1980), 86 Ill. App. 3d 817, 408 N.E.2d 752; *In re Custody of Potts* (1980), 83 Ill. App. 3d 518, 404 N.E.2d 446.) He contends that there is no showing that the child will benefit from the payment of the past-due child support and that if he is required to pay the arrearages, it will serve as punishment to him and reward to the wife.

■■ We view the contention of the husband to be without merit and agree with the position of the wife that under the circumstances of this case, section 510(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 510(a)) precludes any modification of child support payments which have accrued. See *Hoos v. Hoos* (1980), 86 Ill. App. 3d 817, 408 N.E.2d 752.

The husband next contends that the trial court abused its discretion in

reducing his visitation, by requiring him to pay for the child's transportation to Tennessee, by requiring him to pay the wife's attorneys' fees and by denying his petition for a rule to show cause. He argues that the judgment of dissolution of marriage granted him 72 days and 26 Friday evenings of visitation, whereas the modification only provides for one week during the Christmas holidays and one month during the summer. He claims that the child will suffer from this reduced visitation. He further urges that he is penalized and the wife is rewarded by the trial court's order which requires him to pay the child's transportation to Tennessee after his visitation with the child and which requires him to pay his wife's attorney's fees. He contends that the award of fees was improper because the litigation was due to the wife's removal of the child without leave of court. The wife argues that a determination by the trial court as to what serves the best interest of the child will not be disturbed unless it is contrary to the manifest weight of the evidence. See *In re Marriage of Siklossy* (1980), 87 Ill. App. 3d 124, 409 N.E.2d 29; *Gray v. Gray* (1978), 57 Ill. App. 3d 1, 372 N.E.2d 909.

■■ In the instant case, the trial court was faced with the difficult task of altering the husband's visitation rights because of the child's relocation to Tennessee. In viewing the totality of the circumstances, we believe the trial court acted prudently in modifying the visitation rights in the fashion that it did. Similarly, we reject the husband's contention that the trial court abused its discretion in requiring the husband to provide transportation for the child to Tennessee following visitations since the trial court's order also required the wife to furnish transportation for the child to Illinois for visitation with the husband. In this case, the trial court awarded the wife $500 for attorneys' fees. This award must be sustained by virtue of the pursuit and enforcement of past-due child support payments which were admitted by stipulation of the parties. The husband cannot be heard to complain as to the right of the wife to attempt to enforce the orders of the court in this connection. See *Roth v. Roth* (1977), 52 Ill. App. 3d 220, 367 N.E.2d 442.

Finally, the husband argues that the trial court erred in granting the wife's petition for removal and in denying his petition for a modification of the custody provisions of the judgment of dissolution of marriage. The husband predicates his argument upon his claimed stability and his wife's alleged instability. The wife argues that the husband has failed to establish that the present custody arrangement endangers the child's physical, mental, moral or emotional health as required by section 610 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 610). She further contends that the mere relocation of the child to another State is not sufficient grounds to warrant a change in custody. (See *In re Custody of Potts* (1980), 83 Ill. App. 3d 518, 404 N.E.2d 446; *Mathey v.*

*Mathey* (1971), 1 Ill. App. 3d 1008, 274 N.E.2d 501.) Finally, the wife claims that removal of the child is in the child's best interest because the economic opportunities for the family are better in Tennessee, because she and Chudzik have purchased a home in Tennessee with the assistance of a grant program, because the child has made friends in Tennessee and is doing well in school and because there has been a general improvement in the child's health.

■■ The removal of the child to another jurisdiction, standing alone, is not sufficient grounds to warrant a change in custody. (See *In re Custody of Potts* (1980), 83 Ill. App. 3d 518, 404 N.E.2d 446.) In order to grant a petition for a change of custody, section 610 of the Illinois Marriage and Dissolution of Marriage Act mandates specific findings by the court. (Ill. Rev. Stat. 1979, ch. 40, par. 610.) In the instant case, the record is devoid of any evidence of findings which would warrant a change in custody pursuant to section 610. Therefore, the action of the court was proper.

■■ Section 609 of the Illinois Marriage and Dissolution of Marriage Act provides that the court may grant leave to remove a child where it is in the best interests of the child. (Ill. Rev. Stat. 1979, ch. 40, par. 609.) In determining whether leave to remove should be granted, the petitioning spouse has the burden of proof to show that there is a desire to move from the jurisdiction, there is a sensible reason for the move and there is some showing that the move is consistent with the best interests of the child. (See *In re Marriage of Burgham* (1980), 86 Ill. App. 3d 341, 408 N.E.2d 37.) After carefully reviewing the testimony in this matter, we conclude that the wife has established that such a move is in the best interests of the child and has met her burden of proof. In addition, the evidence adduced at the hearing established that there has been a general overall improvement in the child's living conditions and health and it therefore follows that the action of the court was correct in granting the wife leave to remove the child to Tennessee.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McGLOON and O'CONNOR, JJ., concur.