*In re* MARRIAGE OF RUSSELL A. BRADY, Petitioner-Appellant, and CATHLEEN E. BRADY, a/k/a Cathleen E. Vacek, Respondent-Appellee.

Second District   No. 82—784

Opinion filed June 10, 1983.

William J. Scott, Jr., of Mirabella and Kincaid, of Wheaton, for appellant.

John L. Stainthorp, of Chicago, for appellee.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Russell A. Brady appeals from an order which granted the petition of Cathleen E. Brady, now known as Cathleen E. Vacek, the custodial parent of Danna Brady, to remove the child from Illinois to Texas.

He contends that the order did not comply with the July 1, 1982,

amendment to the Illinois Marriage and Dissolution of Marriage Act:

"The court may grant leave, before or after judgment, to any party having custody of any minor child or children to remove such child or children from Illinois whenever such approval is in the best interests of such child or children. *The burden of proving that such removal is in the best interests of such child or children is on the party seeking the removal.* When such removal is permitted, the court may require the party removing such child or children from Illinois to give reasonable security guaranteeing the return of such children." (Emphasis added to reflect amended portion.) Ill. Rev. Stat. 1981, ch. 40, par. 609.

Case law prior to the amendment had interpreted the former provision as requiring that the parent seeking removal had the burden of proof but that a *prima facie* showing was made when the custodian stated a desire to move, a sensible reason for the move, and "some showing that the move is consistent with the best interests of the child." *In re Marriage of Feliciano* (1981), 103 Ill. App. 3d 666, 672; *In re Marriage of Burgham* (1980), 86 Ill. App. 3d 341, 346.

The father argues, however, that the amendment indicates a legislative intent to reject the rationale of prior case law and to "clearly" place the burden of proof on the party seeking the removal; and that this requires a different result here. We do not agree.

■ The legislature is presumed to know the prior construction of a statute and when it uses previously construed terms in an amendment it is presumed that the legislature intended to adopt the prior construction. (*Hupp v. Gray* (1978), 73 Ill. 2d 78, 86; *Marshall Field & Co. v. Village of South Barrington* (1981), 92 Ill. App. 3d 360, 365; 1A Sutherland, Statutes & Statutory Construction sec. 22.35 (4th ed. 1972).) These general principles as well as the brief legislative history of the amendment suggest that the amendment was not intended to be a significant departure from the prior law. In the only substantive comment on the amendment (1981 Ill. Laws 2601) Representative Grossi referred to the fact that appellate courts had rendered divergent opinions as to whose burden it was to show that the removal was in the best interests of the child. Several opinions had stated that removal always should be allowed unless there is a specific showing that the move would be detrimental to the child. (See, *e.g., Tandy v. Tandy* (1976), 42 Ill. App. 3d 87, 90; *In re Marriage of Siklossy* (1980), 87 Ill. App. 3d 124, 128.) He continued "this bill is very simple. It simply says that the party seeking to remove the child from the State has the burden of proving that it is in the best interests of the child." H.B. 415, 82d Gen. Assembly, 1st Sess., at 246 (May 14,

1981) (remarks of Rep. Grossi).

■■ The proper statutory construction, even after the amendment, therefore appears to be that enunciated in *In re Marriage of Burgham* (1980), 86 Ill. App. 3d 341, 346, or in *In re Marriage of Feliciano* (1981), 103 Ill. App. 3d 666, 672. Under these cases the petitioning spouse has the burden of proof. However, a *prima facie* case is presented when the petitioner shows a sensible reason for the move and makes a showing that the move is consistent with the child's best interests. Because a child usually receives little, if any, demonstrable benefit from moving, a direct benefit need not be shown. (*In re Marriage of Burgham* (1980), 86 Ill. App. 3d 341.) This would make the treatment of the burden of proof in removal cases consistent with that in civil cases generally, that the plaintiff has and retains the burden of proof, but the burden of going forward with the evidence shifts to the defendant once the plaintiff has introduced evidence that the existence of the contested fact is more probable than its nonexistence. See McCormick, Evidence sec. 339, at 794 (2d ed. 1972); *Heiser v. Chastain* (1972), 6 Ill. App. 3d 552, 558-59; *Arrington v. Walter E. Heller International Corp.* (1975), 30 Ill. App. 3d 631, 638-40.

■■ In this case the mother admittedly was the proper custodian for Danna and the father was not seeking a change of custody. Given the fact that the proceedings occurred within two years of the entry of the original custody judgment and the importance of stability and continuity in a child's custodial and environmental relationships (see *In re Custody of Harne* (1979), 77 Ill. 2d 414, 419), the finding of the trial court that the child should remain with her mother was not against the manifest weight of the evidence. The reason for the desired move was a legitimate one in that the mother's new spouse had lost his job in Illinois through no fault of his own, and unsuccessfully sought employment here, and had ultimately found work in Texas. There was no indication that the reasons for the move were frivolous or that Vacek would have readily obtained suitable employment in Illinois or that either the mother or her present husband were not acting in good faith. The proposed move to Texas in this case would have improved the standard of living and general quality of life for Danna and therefore could be found to be in Danna's best interest. It is also noted that the record shows that adequate arrangements have been made for housing, schooling and day care in Texas and that Danna appeared to be adjusting well in that environment. It is axiomatic that it is in the best interests of a child to have a healthy and close relationship with both parents, thus, that the visitation rights of the noncustodial parent should be carefully considered. (*In re Marriage of*

*Burgham* (1980), 86 Ill. App. 3d 341, 346.) The trial court here, however, ordered liberal visitation for the father, and given the circumstances of the record and the prior conduct of the parties, there was no reason to expect that the visitation would not occur.

We therefore affirm the judgment of the circuit court of Du Page County.

Affirmed.

LINDBERG and VAN DEUSEN, JJ., concur.