**Hildur HAKAS, Appellant,**

v.

**William J. BERGENTHAL, Appellee.**

**Nos. S-3708, S-4276.**

Supreme Court of Alaska.

Dec. 24, 1992.

---

James L. Johnston, Anchorage, for appellant.

Cheri C. Jacobus, Ross, Gingras, Bailey & Miner, and Kenneth P. Jacobus, Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

RABINOWITZ, Chief Justice.

When this matter was last before this court we concluded that:

Given Hakas' concessions that she was a resident of Alaska on August 19, 1987 when Bergenthal filed his petition for custody of Jarle, we have determined that the Memorandum Opinion and Judgment issued in this case on June 27, 1990 must be vacated and withdrawn. We now retain jurisdiction for purposes of deciding Hakas' second specification of error in her original appeal, namely, whether the superior court erred in awarding custody of Jarle to Bergenthal as a sanction without considering the best interests of the child.[1]

1. The parties were also given the opportunity of filing supplemental briefs. *Hakas v. Bergenthal,* MO & J No. 617, page 8 (May 20, 1992).

2. The superior court also entered the following relevant findings of fact:

*Hakas v. Bergenthal,* MO & J No. 617, page 7, May 20, 1992.

In awarding custody to Bergenthal in its partial final judgment of July 27, 1989, the superior court concluded that Hakas:

[H]as wrongly retained the child in Norway, contrary to the orders of this court, and prevented the defendant from exercising his natural rights to visitation and his court-ordered rights to visitation and custody by such wrongful retention.

Additionally, in findings of fact and conclusions of law dated December 4, 1989, the superior court noted that Hakas failed to comply with the court's orders that the parties make an appointment with the custody evaluator and that Hakas bring Jarle to Alaska during the month of April to allow Bergenthal one week of visitation with Jarle and to make herself and Jarle available to the court custody evaluator. The findings of fact also state that in response to the court's order to show cause why Hakas should not be held in contempt:

The plaintiff failed to appear, except through counsel, and failed to show cause why she should not be found in contempt. It is clear, therefore, that the plaintiff has breached Mr. Bergenthal's rights of custody and visitation with the parties' minor child, Jarle Ivan Hakas–Bergenthal, under the laws of this state in which the child was habitually resident immediately before the child was removed. It is clear, further, that since the plaintiff has removed the child, plaintiff has prevented the defendant from exercising his rights to custody and visitation as a result of that removal and retention of the child. The plaintiff has wrongfully retained the child in Norway, contrary to the orders of this court, and prevented the defendant from exercising his natural rights to visitation and his court-ordered rights to visitation and custody by such wrongful retention.[2]

By the 15th day of November, 1988, plaintiff still had not complied with this court's order of July 12, 1988, wherein this court directed the parties to make an appointment with the child custody evaluator within 10 days. As a result, the defendant filed a Mo-

On the basis of these findings the superior court entered a partial final judgment which ordered that Bergenthal "be awarded full care, custody and control of the minor child of the parties, Jarle Ivan Hakas–Bergenthal, ... with reasonable rights of visitation in ... [Hakas]."

A best interest of the child inquiry is an essential component of a custody determination, whether it is in the context of an initial custody determination or modification of an existing custody arrangement. *Nichols v. Mandelin,* 790 P.2d 1367 (Alaska 1990). This inquiry is not obviated by Hakas' noncooperation.[3] In making a custody determination the court must consider "all relevant factors including those enumerated in AS 25.24.150(c)." AS 25.20.060(a).[4] Contrary to Bergenthal's asser-

tion for Order to Compel. Defendant pointed out that he and his son had not seen each other in over a year and a half. The defendant also filed exhibits with this court showing that large amounts of correspondence he attempted to initiate with his son had been returned. The defendant also sought to visit with the child over the Christmas Holidays.

On the 21st day of December 1988, this court directed the plaintiff to bring the minor child to the State of Alaska during the month of April, 1989, and make herself and the child available to the court custody evaluator. This court further granted the defendant one week's visitation during the month of April, 1989, in the State of Alaska.

Again, the plaintiff failed to comply with this court's order. In May 1989, the defendant filed an Order to Show Cause against the plaintiff, Hildur Hakas, seeking temporary custody of the child, asking the court to require the plaintiff to appear to show cause why she should not be found in contempt, and pointing to this court that the defendant, by this time, had had no visitation with his son for two years nor any contact whatsoever with his son during that period.

On the 24th of May 1989, this court granted the Order to Show Cause and directed the plaintiff to appear to show cause why she should not be held in contempt for failing and/or refusing to comply with the terms of this court's order. This court also granted Mr. Bergenthal interim custody of the minor child.

3. *See, e.g., Lee v. Cox,* 790 P.2d 1359, 1364 (Alaska 1990) (paramount concern in child custody determinations is the child's welfare not the parent's wishes). *See also Ashlock v. District Court,* 717 P.2d 483, 485 (Colo.1986) (en banc) ("A change in custody may not be ordered to punish a custodial parent for removing a child from the jurisdiction of the court or for secreting the child to prevent visitation by the other parent.") (citations omitted); *In re Marriage of McGee,* 44 Colo.App. 330, 613 P.2d 348, 350 (1980) ("It is the well-being of the child rather than the reward or punishment of a parent that ought to guide every aspect of a custody determination...."); *In re custody of Potts,* 83 Ill. App.3d 518, 39 Ill.Dec. 62, 404 N.E.2d 446 (1980) (concluding that the respondent's removal of the children from the state and her failure to appear in court and to respond to a notice of

deposition was not sufficient grounds for a change of custody); *Everett v. Everett,* 433 So.2d 705, 708 (La.1983) ("Custody should not be changed when to do so would punish a parent for past behavior when there is no proof of a detrimental effect on the child...."); *Bylinski v. Bylinski,* 25 Mich.App. 227, 181 N.W.2d 283, 284 (1970) (holding that the trial court could not order a change in custody as a punishment for contempt); *Joseph E.H. v. Jane E.H.,* 283 Pa.Super. 109, 423 A.2d 739, 742 (1980) ("Although we do not condone the conduct of the mother in shunning the September 14 hearing, we are ever mindful of the fundamental fact that 'in all custody disputes, the best interests of the child must prevail; all other considerations are deemed subordinate to the child's physical, intellectual, moral and spiritual well-being.'" (citations omitted)).

4. Alaska Statute 25.20.060. **Petition for award of child custody,** provides:
(a) If there is a dispute over child custody, either parent may petition the superior court for resolution of the matter under AS 25.20.060–25.20.130. The court shall award custody on the basis of the best interests of the child. In determining the best interests of the child, the court shall consider all relevant factors including those factors enumerated in AS 25.24.150(c).
AS 25.24.150(c) further provides:
(c) The court shall determine custody in accordance with the best interests of the child under AS 25.20.060–25.20.130. In determining the best interests of the child the court shall consider
(1) the physical, emotional, mental, religious, and social needs of the child;
(2) the capability and desire of each parent to meet these needs;
(3) the child's preference if the child is of sufficient age and capacity to form a preference;
(4) the love and affection existing between the child and each parent;
(5) the length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity;
(6) the desire and ability of each parent to allow an open and loving frequent relationship between the child and the other parent;
(7) any evidence of domestic violence, child abuse, or child neglect in the proposed custo-

tions, review of the record reveals no express consideration by the superior court of Jarle's best interests in any context. Rather, review of the superior court's findings persuades us that the superior court awarded custody of Jarle to Bergenthal as a sanction against Hakas without undertaking a best interests of the child analysis.

Given the foregoing we hold that the superior court's award of custody of Jarle to Bergenthal must be vacated and the matter remanded to the superior court for the purpose of redetermining custody based upon a best interests of the child analysis with appropriate findings of fact which address all relevant criteria of AS 25.24.150(c).[5]

The superior court's award of custody is VACATED and the matter REMANDED to the superior court for further proceedings not inconsistent with this opinion.

dial household or a history of violence between the parents;

(8) evidence that substance abuse by either parent or other members of the household directly affects the emotional or physical wellbeing of the child;

(9) other factors that the court considers pertinent.

5. We find Bergenthal's reliance on AS 25.30.-100(6) unpersuasive. This statute provides as follows:

If a party to the proceeding whose presence is desired by the court is outside this state with or without the child, the court may order

that the notice given under AS 25.30.040 include a statement directing that party to appear personally with or without the child and declaring that failure to appear may result in a decision adverse to that party.

Assuming without deciding that this statute obviates the need for a best interest of the child determination, we note that the superior court did not rely on this statute in formulating any of its interlocutory orders. More specifically, none of the superior court's relevant orders explicitly apprised Hakas that failure to appear could result in a custody decision adverse to her.